SHULMAN, In re. See Case No. 739.

## Case No. 12,824.

### SHULTS v. MOORE.

[1 McLean, 520.] [1]

Circuit Court, D. Ohio. July Term, 1839.

DEEDS — ACKNOWLEDGMENT — WHO MAY TAKE — CERTIFICATE — RECORDING — NOTICE.

1. Under a late decision of the supreme court of Ohio, a deed acknowledged before the mayor of Cincinnati, is good.

2. Independently of this decision, the court incline against the power of the mayor to take the acknowledgment.

3. He is given the same powers as a justice of the peace, "in civil and criminal cases," that is, judicial powers.

4. The taking of an acknowledgment is not the exercise of a judicial power—it would seem therefore that the mayor, under the former law, could not take acknowledgments.

5. Recording a deed, duly acknowledged, is constructive notice.

6. If the acknowledgment be substantially defective, though the deed be recorded, it is not notice.

[Cited in Bishop v. Schneider, 46 Mo. 473. Cited in brief in Owen v. Baker, 101 Mo. 410. 14 S. W. 175. Cited in Reed v. Kemp, 16 Ill. 451. Distinguished in Shove v. Larsen, 22 Wis. 146. Cited in Stevens v. Hampton, 46 Mo. 408.]

7. By the decision of the supreme court of the United States, parol proof that a justice acted as such, is admissible, when not stated in certificate.

[Cited in Hudson v. Fishel, 17 R. I. 70, 20 Atl. 100.]

8. Notice in fact may be proved, of a prior deed.

[This was an action in ejectment by Conrad Shults against Lewis Moore. For a motion for a prior continuance of this cause, see Case No. 12,825.]

Mr. Fox, for plaintiff.
Wright & Wood, for defendant.

OPINION OF THE COURT. This action of ejectment was brought to this court, under the act of congress, from the state court in which it was commenced. Both parties claim the land in controversy under James Drake. The lessor of the plaintiff first introduced a deed from Drake to Dehant, dated the 26th September, 1817, and a mortgage, dated 12th August, 1818, by Dehant to the lessor of the plaintiff. The mortgage was acknowledged before the mayor of Cincinnati on the day it bears date. The defendant introduced a deed for the same premises from James Drake to the defendant Moore, dated 9th September, 1826; and which was recorded 17th November, 1826. Also a mortgage from Dehant to Drake, dated 26th September, 1817, and a record of a proceeding on this mortgage, by scire facias in which a judgment was entered, and the

1 [Reported by Hon. John McLean, Circuit Justice.]

premises were sold on execution, by the sheriff, to Drake. The sheriff's deed read in evidence is dated 31st May, 1833. And the defendant introduced a deposition conducing to prove that at the time, and before the mortgage to the lessor of the plaintiff was executed, he had notice of the prior mortgage executed by Dehant to Drake, and here the evidence closed. It was agreed that the objections to the deeds on both sides should be considered in the main argument to the jury, and that in their instructions the court should decide the legal questions that arise in this case.

The first objection is, that which is made to the acknowledgment of the mortgage deed given in evidence by the lessor of the plaintiff. This deed was acknowledged before the mayor of the city of Cincinnati; and his right to take the acknowledgment is questioned. By the act of Ohio of 30th January, 1818, a deed for the conveyance of land is required to be acknowledged before a judge of the court of common pleas or justice of the peace. The tenth section of the act giving jurisdiction to the mayor (13 Ohio Laws, 60), declares that in all civil and criminal cases he shall have the same jurisdiction as a justice of the peace. Subsequently to the taking of this acknowledgment, an act was passed giving power to the mayor to take acknowledgments of deeds, and confirming those which he had taken, excepting acknowledgments to be used in suits then pending. And at the time of the passage of this law, a suit was pending in Butler county between the same parties, involving the subject now in dispute. The validity of the acknowledgment under consideration, must be decided under the general law on the subject, and in reference to the adjudications made on the same point by the supreme court of the state. And first, as to the power of the mayor under the general law.

In all civil and criminal cases, he has the same jurisdiction as a justice of the peace. And this is the extent of the jurisdiction conferred on him. He can exercise no jurisdiction but what is specially given. His powers are all regulated by the statute, under which they are derived. What is meant by a jurisdiction, "in all civil and criminal cases?" It can have no other application than to the exercise of judicial power. A criminal case as well as a civil one, requires parties; a plaintiff and defendant, and a subject matter of controversy, in the decision of which, the judgment of the mayor must be exercised. There can be no case, technically speaking, without parties. The word "case" is well defined at common law, and in legal parlance; and when such a term is used in a statute it is always presumed to be used, unless the contrary very clearly appear, in reference to its known signification. The power conferred on the mayor, was not generally the powers of a justice of the peace, but the same powers as a justice of

the peace, "in civil and criminal cases." In other words, the same judicial powers. A justice by the statute is authorized to do many acts which are not judicial, such as solemnizing matrimony, taking depositions, and taking acknowledgments of deeds. In 5 Ohio, 331, the supreme court decided that the mayor was not authorized to take depositions. And in 1 Ohio, 15, that in taking an acknowledgment of a deed, a justice does not act in a judicial capacity. Both these points were quite clear before these decisions were given; but as they have been adjudged, they are not now to be contested. It appears, then, that the powers given to the mayor by the above act, were strictly and technically judicial; and did not extend to any act or power not judicial. And it follows that under the above law, the mayor had no power to take the acknowledgment of a deed. This is the view of the court uninfluenced by any construction of the statute, by the supreme court; and it has been given because the construction does not seem to have been well settled by that court.

On the part of the defendant it is contended that the construction has been settled, in this very case, when formerly before the supreme court, against the power of the mayor to take acknowledgments.

An action of ejectment was commenced in the common pleas, by the plaintiff against the defendant, for the recovery of the property now in dispute; and on the trial an objection was made to the deed of mortgage, to Shults, on the ground that the mayor had not power to take the acknowledgment; and on this ground the court rejected the evidence. And on a motion to set aside the verdict the judges were divided in opinion, so that the case was brought before the judges in bank, and there the four judges were divided, and the motion to set aside the verdict against the plaintiff failed. And this is claimed as a decision of the identical point, now under examination; and it is contended that it should be considered by this court, as conclusive.

The decision of the question between the same parties, respecting the same subject matter of controversy, would be no more conclusive of the present case, than if the same point had been decided between other parties. The former action of ejectment constitutes no bar to the present action. But in the case referred to, the construction of the statute was not settled. Had the decision of the motion for a new trial been acquiesced in, there would have been some color for the argument that the point had been adjudicated, as the two judges must have concurred in rejecting the deed on the trial. But the two judges on the circuit were divided on the motion for a new trial, and so were the four judges in bank. The construction of the statute therefore was not settled in that case. But, it appears from a manuscript record, that

the same point, as to the power of the mayor to take acknowledgments, came up very recently, before two of the judges on the circuit, at Cincinnati, and it was decided in favor of the power. In this decision, both the judges must have concurred. It is not known that this decision has been adjourned to the court in bank; and so long as it shall stand unreversed, it will constitute a rule of decision for this court. We do not inquire whether the construction of a statute by the supreme court of the state, is right or wrong according to our views, but we receive it as the law of the state. Under this decision the deed, with the acknowledgment before the mayor, will be considered as having its full legal effect by the jury.

The objection that to the acknowledgment the mayor affixed and certified the seal of the corporation, and not his private seal, is easily answered. The mayor is the keeper of the corporation seal, and uses it to authenticate his official acts. And it may be a matter of doubt whether, if he may as mayor, take the acknowledgment of a deed, the seal may not be used to authenticate the act. In any view, the mayor has a right to adopt a scrawl, a wafer, or any other impression as his private seal, and if he so designates it, there can be no objection. The seal is used to authenticate the act of the acknowledgment, and if it give greater solemnity to the authentication than is required, still it must be held good, as a seal used by the mayor, for the special purpose, to authenticate the act. The impression was made by the mayor; it was then his seal, and if necessary it may be considered as the seal of the corporation; but if not necessary, and the seal is not used properly, as a corporation seal, it at least is the seal of the mayor which he has adopted and used as his own. Every thing said in the certificate or which appears from the impression of the seal, which was not required for the due authentication of the acknowledgment, may be rejected as surplusage, if enough appear to authenticate the act. And we think enough appears, both as to the certificate and the seal, in substance and in form, to verify the acknowledgment.

On this deed the lessor of the plaintiff relies for a recovery. The deed of mortgage from Dehant to Drake is of prior date to the mortgage from Dehant to Shults, but the magistrate before whom it was acknowledged, did not state, either in the body of the certificate or with his signature that he was a justice of the peace; and it is contended that the deed, therefore, has not been legally acknowledged. Under an agreement it is read in evidence, with leave to except to the acknowledgment. The objection is well founded in fact. The official character of the justice does not appear in his certificate, nor are the initials J. P. au-

nexed to his signature, nor any thing else to show in what character he acted in taking the acknowledgment. The certificate of the clerk and seal of the court of common pleas are annexed to the acknowledgment, showing that James Heaton, Esq., before whom the acknowledgment was taken, was, at the time, a justice of the peace. And the question here arises whether this omission of the justice can be supplied by proof that he was a justice of the peace. If such evidence be admissible, there can be no doubt that the certificate of the clerk, under the seal of the court, is the best evidence of which the case is susceptible. The clerk has official knowledge of the appointment and qualification of the justice, and is authorised to certify the facts.

In the case of Vanness v. Bank of U. S., 13 Pet. [38 U. S.] 21, the same question came before the court under the statute of Maryland, which requires a deed to be acknowledged before two justices of the peace. The court in that case say "upon the second exception, the plaintiff in error contends, that the acknowledgment of the deed from Walter Smith to Benjamin Stoddart is defective, and the deed inoperative, because it does not appear in the certificate of acknowledgment endorsed upon the deed that the persons before whom it was made were at that time justices of the peace for Washington county; and he insists that this omission cannot be supplied by parol." "This question depends upon the construction of the acts of assembly of Maryland which prescribe the mode in which deeds shall be acknowledged, for the conveyance of real property. We perceive nothing in the Maryland acts of assembly which requires justices of the peace or other officers to describe, in their certificates, their official characters. It is no doubt usual and proper to do so, because the statement in the certificate is prima facie evidence of the fact, where the instrument has been received and recorded by the proper authority. But such a statement is not made necessary by the Maryland statutes. And whenever it is established by proof that the acknowledgment was made before persons authorized to take it, it must be presumed to have been taken by them in their official capacity; and when their official characters are sufficiently shown by parol evidence, or by the admissions of the parties, we see no reason for requiring more, where the acts of the legislature have not prescribed it. On the contrary, the soundest principles of justice and policy would seem to demand that every reasonable intendment should be made to support the titles of the bona fide purchasers of real property; and this court is not disposed to impair their safety, by insisting upon matters or form, unless they were evidently required by the legislative authority." Unless there be something peculiar in the Maryland statutes,

this decision is conclusive of the point now under consideration. For it lays down the position that proof of the official character of the officer may be made by parol, where it does not appear on the face of the certificate of acknowledgment. The statute of Ohio no more prescribes the mode of the certificate than the statute of Maryland. The requirement is that the deed shall be acknowledged before a justice of the peace; and of course the evidence of the acknowledgment must appear on the deed.

I did not accord with the above decision, though I expressed in the reports no dissent. It appeared to me that the acknowledgment upon its face must contain all the requisites to its validity, to have the effect of notice under the registration laws. And as we have not before us the statute of Maryland, and the defendant relies on proof of notice in fact, the court will reserve the question as to proof of the official character of the justice, and instruct the jury that for the purposes of this trial the acknowledgment will be considered defective and inoperative. And this being the case, the recording of the deed would not be constructive notice, under the statute. If a deed not under seal, or with one subscribing witness only, were recorded, it would not be notice. And it would seem to follow that if the deed were defective in any substantial part, there could be no notice under its registration. Without an acknowledgment, the recording of the deed could have no effect as to notice, for the statute requires the deed to be executed and acknowledged, and then recorded, to operate as constructive notice. The acknowledgment must be made before a justice of the peace, and the evidence of this must be on the deed, or connected with it. And if this acknowledgment be defective in not showing that the person who took the acknowledgment had a right to take it, the act does not appear to be official, and is not a compliance with the statute. And where a purchaser is to be charged with constructive notice from the mere registration of a deed, all the substantial requisites of the law should be complied with. As well might it be contended that a recorded deed without an acknowledgment would be notice, as that it would be notice with a defective acknowledgment.

Some reliance is placed in the argument on the sheriff's deed for the premises under a sale on the judgment obtained on the scire facias. But it is clear that this deed can only have relation back to the judgment; and if the defendant insists on a lien under the mortgage, prior to the judgment, it can only be established by proof of notice in fact of the mortgage. As it regards the notice in fact, the jury are to judge from the evidence. They are the exclusive judges of the credibility of witnesses, and if they believe the witness whose deposition has been read, the fact of notice is proved. He swears, that

before the first mortgage to Shults was given, he conversed with the witness respecting the first mortgage, and observed that the property was worth considerably more than the first mortgage called for, and that his mortgage would secure the property, excepting the amount of the prior mortgage. An attempt has been made to impeach the credibility of this witness, by proving that he was intemperate; but this evidence, not going to the general reputation of the witness, was overruled, and there are no circumstances going to impeach him, unless they are found, as contended by the plaintiff's counsel, in the manner of his stating the facts.

The jury found a verdict of not guilty, and a motion for a new trial being overruled, a judgment was entered on the verdict.