Ruffin', J.
 

 The act of Assembly authorises and requires deeds to be proved or acknowledged before one of the Judges, or in the County Court; and it is necessarily implied that a certificate of the Judge on the deed should purport to be of the matters and things done before him, and those only. The tenor of this certificate is quite to the contrary' — purporting to be of an acknowledgement in the county court, and an examination. of the feme before some member of the court, for
 
 *42
 
 whose name a blank is left. To proceedings of that kind, a Judge's signature is not the appropriate attestation, and therefore, it is ineffective. It was contended at the bar, that those parts of the certificate, in reference to the proceeding being in the county court, might, as being inconsistent with the signature of the Judge, be rejected as surplusage, and the Judge’s signature would furnish a sufficient presumption of an ac-knowledgement had before him. But, if those parts be struck out of the certificate, there is really nothing left but the name of the Judge, without any certificate of any tiling done before him.
 

 It is easy to conjecture how the mistake happened, but not as easy to help the party from its effects.
 

 Pee Cueiam, Judgment affirmed.