SHOVE vs. LARSEN and another.

REGISTRY LAW:  *Secs. 123, 124, chap. 10, R. S. 1849—Entry in index, constructive notice.*

Under secs. 123, 124, chap. 10, R. S. 1849, a correct entry of a mortgage or other deed in the proper index at the register's office was constructive notice, although in the subsequent transcription of the deed in full, a mistake was made in the description of the land.

APPEAL from the Circuit Court for *Dane* County.

Foreclosure of a mortgage. The defendants claimed the land free from the lien of the mortgage, as subsequent purchasers, without actual or constructive notice thereof. The essential facts are stated in the opinion. Judgment for the plaintiff; and the defendants appealed.

*Hopkins & Foote*, for appellants, contended that neither the record of a defective deed nor the defective record of a good deed is constructive notice, citing to the former point *Shults v. Moore*, 1 McLean, 520; 5 Clarke (Iowa), 95; 3 Minn., 225; 5 i ., 323; 11 Ill., 300, 320; 7 Watts & S., 440; *Isham v. Iron Co.*, 19 Vt., 230; 24 id., 560. To the latter point they cited *Sanger v. Craigue*, 10 Vt., 555; *Curtis v. Lyman*, 24 id., 338; *Lally v. Holland*, 1 Swan, 396; *Miller v. Bradford*, 12 Iowa, 14; id., 456; *Jennings v. Wood*, 20 Ohio, 261; *Frost v. Beekman*, 1 Johns. Ch., 288. Registry is notice only of what is on the record, not of mistakes or portions omitted. *Stafford v. Lick*, 7 Cal., 479; 24 Ill., 583. The index constitutes no part of the record. *Cur-*

*tis v. Lyman*, 24 Vt., 338. The record, to be effectual as notice, must be made according to law. 17 N. Y., 469, and cases there cited: Story's Eq. Jur., § 404.

*S. U. Pinney*, for respondent, cited the statute, R. S. 1849, chap. 10, secs. 123, 124, and contended that when the mortgage was properly entered on the index it was " duly recorded," within the meaning of sec. 24, chap. 59, R. S. 1849. He also referred to the following cases: *Merrick v. Wallace*, 19 Ill., 486; *Mims v. Mims*, 35 Ala., 23; *Flowers v. Wilkes*, 1 Swan (Tenn.), 408; *Williams v. Birbeck*, 1 Hoffm. Ch., 368; *Jarvis v. Aikens*, 25 Vt., 635; *Beverley v. Ellis*, 1 Rand. (Va.), 102; *Sawyer v. Adams*, 14 Vt., 172; *Dubose v. Young*, 10 Ala., 368; *McGregor v. Hall*, 3 Stew. & Port., 397; *Bank of Kentucky v. Haggin*, 1 A. K. Marsh., 225, (*306); *Brown v. Kirkman*, 1 Ohio St., 116; *Hine v. Robbins*, 8 Conn., 341; R. S. Conn., 1866, pp. 539, 107, secs. 20, 62; *Breed v. Conley*, 14 Iowa, 271; Code of Iowa 1851, secs. 1211–1216.

COLE, J. The question to be decided in this case is, whether the mortgage sought to be foreclosed was recorded in such a manner as to make the record thereof constructive notice to subsequent purchasers. Upon this point we have been referred to a number of authorities by counsel upon both sides; but we shall not examine them to any extent in this opinion, since we are satisfied the decision must mainly rest upon the construction to be given the statute in force when the mortgage was recorded.

It appears that the mortgage in question was duly executed and acknowledged, so as to entitle it to be recorded, and, on the 25th day of July, 1850, at 10 o'clock in the forenoon, was duly received for record at the office of the register of deeds for Dane county, where the mortgaged property is situated; that the register then endorsed on the mortgage

the time when he received the same for record, writing the day, hour and minute of reception; and the volume in which it was recorded; and made correct entries in the index book kept by him of the said mortgage, entering under the appropriate heads, in alphabetical order, the names of the mortgagor and mortgagee, the day, hour and minute of its reception, and an accurate description in full of the land mortgaged; but in entering the mortgage at large upon the record, the register by mistake omitted from the description of the property contained in the mortgage, the word "twenty" preceding the word "five," so that the description in the mortgage, as recorded *in extenso,* was "the east half of the northwest quarter of section No. *five* of township No. six, range No. eleven east," instead of "the east half of the northwest quarter of section No. *twenty-five,* town No. six north, of range No. eleven east," as contained in the mortgage. The defendants, by various mesne conveyances, claim under a deed executed by the mortgagor, and recorded before this error in the record was discovered and corrected. They had no actual knowledge of the existence of the mortgage, and, being purchasers for value, claim that the record of it and the index taken together are not sufficient to charge them with constructive notice. And therefore the question to be decided is, whether the correct description of the land in the index required by law to be kept by the register, though a mistake was made in the description when the officer came to transcribe the instrument at large upon the record, did amount to constructive notice.

Sec. 123, chap. 10, R. S. 1849, reads: "Every register of deeds shall keep a general index, each page of which shall be divided into eight columns, with heads to the respective columns as follows, to-wit:

Shove vs. Larsen and another.

| Time of Recept'n | Name of Grantor. | Name of Grantee. | Descrip- tion of Tract. | Name of Instru- ment. | Vol. & P. where recorded | To whom deliver'd | Fees received. |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

Section 124. " Such register shall make correct entries in said index of every instrument or writing received by him for record, under the respective and appropriate heads, entering the names of the grantors in alphabetical order; and he shall, immediately upon the receipt of every such instrument or writing for record, enter in the appropriate column, and in the order of time in which it was received, the day, hour, and minute of reception, and the same shall be considered as recorded at the time so noted." It will be at once seen, that the above provision makes the index a record, and declares that any instrument entered upon it as there prescribed " *shall be considered as recorded at the time so noted.*" It is not necessary that the instrument be actually transcribed at large upon the record, before it takes effect for the purpose of notice to subsequent purchasers. For, if a person acquires the real estate after the instrument is properly entered on the index, but before it is spread at large upon the register's books he is chargeable with notice of the contents of the instrument. This is the express language of the statute. And this being so, can it, with any reason or propriety, be said that a mistake of the officer in afterwards copying the instrument into his books overrides and destroys the effect of the entries on the index as a record? It seems to us not. It is insisted by the counsel for the defendants, that it is the record of the instrument at large which alone amounts to constructive notice; and in support of this provision he has referred to a number of authorities which hold that the record of a defective deed, or a defective record of a good deed, is not constructive notice. In the first class of cases, the doctrine is that the record of a deed not executed and acknowledged, so as

to entitle it to be recorded, is, for the purpose of notice, as no record. To this effect are the cases of *Ely v. Wilcox*, 20 Wis., 523; *Shults v. Moore*, 1 McLean, 520; *Greene v. Dricker*, 7 W. & S., 440; *Isham v. Bennington Iron Co.*, 19 Vt., 230; *Choteau v. Jones*, 11 Ill., 300–320; *Dussaume v. Burnett*, 5 Clarke (Iowa), 96–104; *Parret v. Shaubhut*, 5 Minn., 323; while the following cases hold that a mistake in recording a deed, or recording it out of its order, renders the record thereof ineffectual as notice to subsequent incumbrancers and purchasers: *Jennings v. Wood*, 20 Ohio, 261; *Sanger v. Craigue*, 10 Vt., 555; *Chamberlain v. Bell*, 7 Cal., 292; *Miller v. Bradford*, 12 Iowa, 14; *The New York Ins. Co. v. White*, 17 N. Y., 469. But none of the above cases seem to have been decided under a statute like our own, which makes it the duty of the register to keep an index, and declares that an instrument shall be considered as recorded from the time the prescribed entries are made therein. In Vermont the statute required that a book or books, with an index or alphabet to the same, suitable for registering deeds and other evidences of title to land, should be kept in each town; and it was made the duty of the town clerk truly to record all deeds and conveyances where by law it became necessary. And the courts of that state have held that the index was not a part of the record, but was only intended to furnish facilities for tracing titles; and that, by virtue of another provision of their statute, an instrument was properly recorded when it was correctly transcribed at length in the clerk's office, without any other act or ceremony. *Hunter v. Winsor*, 24 Vt., 327, and *Curtis v. Lyman*, id., 338. This is doubtless a correct exposition of the statutes of that state; but those decisions seem to be inapplicable to our own, which is dissimilar in its provisions.

But we think the object of our statute in requiring the register to keep an index and to make certain entries

therein, was not only to furnish a ready and convenient means for tracing titles, but was also for the further purpose of effecting constructive notice of the existence of any conveyance properly entered in such index. This, it appears to us, was the object and intent of those sections of the statute above cited. There are cases which hold, that where the grantee has done all that the law devolves upon him in procuring a record, by having his conveyance properly executed and acknowledged, and leaves it for record, he cannot be prejudiced by a mistake of the officer in spreading the conveyance upon the record. *Merrick v. Wallace*, 19 Ill., 486; *Mims v. Mims*, 35 Ala., 23. It is not necessary, however, to rely upon the doctrine of those cases here. For in this case there was a full and accurate description of the mortgaged property entered in the index, and this was sufficient under the statute to charge a subsequent purchaser with constructive notice of the existence of the mortgage. See the case of *Flowers v. Wilkes*, 1 Swan (Tenn.), 408, which is much in point.

It follows from these views, that the judgment of the circuit court must be affirmed.

*By the Court.*—Judgment affirmed.