HAY vs. HILL, impleaded with others.

*Registry of Deed — Presumption.*

Where the entry of the time of receiving a mortgage for record, as made in the index book in the register's office, shows upon its face that it was *not* made at the time of such reception, it will not be *presumed* to have been made before a sale of the land to a third party which was subsequent to the date of such reception.

APPEAL from the Circuit Court for *Dane* County.

Foreclosure of a mortgage of the east half of the *northwest* quarter of a certain section of land, executed to plaintiff by one Adams, and alleged to have been recorded July 29, 1847. The defendant *Hill* answered that he purchased the land in June, 1850, in good faith, for a

valuable consideration, and took a valid deed thereof, which was duly recorded two days afterward, and that, at the time of such purchase, etc., he had no knowledge of the existence of the mortgage in suit, and never had, until November, 1866; nor had he any notice of its existence, or of any lien whatever, upon said premises.

At the trial, defendant proved that a mortgage from Adams to plaintiff was recorded on the 29th of July, 1847, but that, as the same was recorded at length, it described the land as the east half of the *northeast* quarter of said section. He also introduced in evidence "the first volume of the general index, which was made from the records in place of the original, after the Revised Statutes of 1849." This index contained a reference to a mortgage of the east half of the *northeast* quarter of said section, corresponding precisely to the record just mentioned; but it contained no reference to any mortgage of the east half of the *northwest* quarter of said section. Defendant also put in evidence a full warranty deed of the land in controversy, from Adams to one Green, dated April 2, and recorded May 3, 1850, showing a consideration paid of $300; and a like deed from Green to himself, dated June 15, and recorded June 17, 1850, showing a consideration paid of $300. Plaintiff then put in evidence, 1. The indorsement on the original mortgage, signed by Daniel Noble Johnson, deputy register of deeds, certifying that said mortgage was recorded July 29, 1847. 2. The original minute book, used before the Revised Statutes of 1849. The bill of exceptions states that plaintiff read from this book the minutes of the mortgage given by Adams to the plaintiff, "which minute, or index, was written with a different ink from the entry immediately before and after, and was interlined between the ruling, and was written in after the entry of the minutes below it, and with different ink from the other entries on that page. Either party to have the right of showing said entry and original to the court on appeal, if desired." In case of its being so shown, the bill further states that

"this description of such entry shall be controlled by such book." A. Pickarts, for the plaintiff, testified that he was then deputy register, and had previously been register; that his acquaintance with the office extended back more than seven years; that the book in question was found in the office about seven years ago; that it was known as the original minute book "A," kept before the Revised Statutes of 1849, but was superseded in common use by volume one of the general index. On cross-examination, he said that this book had never been kept in the office as the index, or to be referred to as such, since he knew any thing of the office; that the index to the records offered in evidence by defendant's attorney was the one which had been used during that time. There was other testimony introduced by the parties, bearing upon the question whether said minute book had ever been used for reference in the office since the Revised Statutes of 1849 took effect; and whether the entry as to the plaintiff's mortgage was in the handwriting of the person who was register of deeds in 1847; but this evidence became unimportant under the decision of this court.

The court found the facts to be as alleged in *Hill's* answer, and held that he took the premises discharged from plaintiff's mortgage; and rendered judgment in his favor, from which the plaintiff appealed.

*C. T. Wakeley* (with *William F. Vilas,* of counsel), for the appellant:

1. The mortgage being certified as properly recorded, and entered on the minute book with a correct description, the misdescription in recording did not invalidate the record as to the mortgagee, and he was entitled to the benefit of a record from the time when it was delivered. Ter. Stat. 1839, pp. 101, 102, §§ 7, 8; *Shove v. Larsen*, 22 Wis. 142. 2. This book being a public record, over which the parties in interest have no control, they cannot be called upon, in the first instance, to explain the interlineation. The presumption is that the officer

did his duty, and made the entry at the right time. *Parkinson v. Bracken*, Burnett, 13; *U. S. Bank v. Dandridge*, 12 Wheat. 64 (70); 1 Cow. & H. Notes, 606 (ed. of 1859); *People v. Minck*, 21 N. Y. 539; *Regina v. Gordon*, 33 Eng. L. & E. 556; *Boothley v. Stanley*, 34 Maine, 515; *Smith v. McGowan*, 3 Barb. S. C. 404; *Dickson v. Fisher*, 1 W. Black. 664; 4 Burr. 2267; *Adams v. Betz*, 1 Watts, 425; *Devoy v. Mayor*, 35 Barb. 264; *Wilbur v. Wilbur*, 13 Met. 405. *

*Hopkins & Foote*, for the respondent.

COLE, J. This case would come within the decision of *Shove v. Larsen* (22 Wis. 142) if the evidence had shown that the entry in the old index book had been made before the purchase by the defendant *Hill*, so as to affect him with constructive notice thereof. But it does not. Indeed, it seems impossible to say, in the absence of all proof upon the point, when the entry was made. It clearly appears upon the face of the book not to have been made when it bears date. For if it had been entered when the mortgage was left for record, then it is obvious it would have been written upon the next ruled line in its order. Besides, the entry immediately below was of a subsequent date, thus showing, beyond all question, that it was there when this interlineation was made. For it is conceded in the printed case — and the inspection of the original minute book, which was produced on the argument, showed that this concession was according to the fact — that this entry in that book "was written with a different ink from the entry immediately before and after, and was interlined between the ruling, and was written in after the entry of the minutes immediately below it," which, as we have said, was of a subsequent date. Now, the difference in the color of the ink and the character of the handwriting, but, above all, the fact that the subsequent entry was of a later date, shows, as clearly as any thing could, upon the very face of the record, that it was not made when the

mortgage was left to be recorded. It must have been made at some subsequent day ; and the very gist of the inquiry is, when was it made ? The fact that the mortgage was certified as properly recorded, is of no importance, so far as charging a subsequent purchaser with notice of its existence was concerned. It is only the entry in the original minute book, which correctly described the land embraced in the mortgage, which can be relied on for that purpose. And when it appears upon the face of the book itself, that it was not made when it bears date, how can we assume, for the purpose of affecting a subsequent purchaser with notice, that it was really made before his purchase ? It seems to us we can make no presumption that it did then exist, in the absence of all proof or explanation upon that point.

The counsel for the appellant claimed, that, as this is a public record — one over which the plaintiff had no control — he cannot be called upon, in the first instance, to explain it, the presumption being, that the officer whose duty it was to make the entry actually did make it at the time. But how can such a presumption be indulged in, when, upon the face of the record itself, it satisfactorily appears that it was not made when it bears date ? It seems to us that we cannot presume that the officer did his duty, and made the entry when the mortgage was left in his office, for the simple reason that such a presumption is effectually repelled by the record. And as the time when this entry was made is the very essence of the inquiry, so far as affecting a party with notice is concerned, it ought to appear that it was in existence when the defendant purchased the premises. Otherwise there was nothing to charge him with notice of the misdescription of the land in recording the mortgage at length.

Upon this point we were referred to quite a number of cases by the counsel for the appellant, which say that where material alterations and interlineations have been

made in public records or official documents, the mere fact of such alterations furnishes no ground for presuming that there has been a fraudulent alteration, but is rather to be taken to be a correction by the officer according to the very truth of the matter. This is undoubtedly a very correct proposition of law, when applied to records which, upon their face, contain nothing inconsistent with the presumption that the officer has done his duty; but it has little or no application to the question we are considering. For here the material point of inquiry is, When was this entry made? It appears clearly that it was not made when it bears date. This is evident from the face of the record. When, then, was it made? Was it made a few days, a few weeks, a few months, or a few years, after the day it should have been written? No evidence upon the point was offered. And we do not feel authorized, for the purpose of affecting a subsequent purchaser with notice of its existence, to say that the officer must be presumed to have written the entry within a few days, rather than within a few years. It seems to us that it is not a case for indulging in presumptions as to when it was written, inasmuch as the record shows upon its face that it was not made when it bears date.

We think the judgment of the circuit court, holding that the defendant *Hill* was a *bona fide* purchaser of the premises for value, without notice of the plaintiff's mortgage, must be affirmed.

*By the Court.* — Judgment affirmed.