## R. LINDLEY v. JAHU LINDLEY.

### No. 750. Decided February 13, 1899.

**1. Acknowledgment—Certificate—Known—Introduced.**

A certificate of acknowledgment to a deed that W. S., "known to me by introduction by" C. W. D., appeared and acknowledged that, etc., is sufficient to show that such person was known to the officer, as required by the Revised Statutes, article 4617. (Pp. 447, 448.)

**2. Same—What Knowledge Sufficient.**

The law has not prescribed the extent of acquaintance necessary to justify the officer in so certifying, and the question must be submitted to his decision. The words "by introduction," etc., are surplusage and do not show that the introduction was the only means of knowledge. (P. 448.)

QUESTION CERTIFIED from the Court of Civil Appeals for the Fifth District, in an appeal from Hopkins County.

*Crosby & Dinsmore,* for appellant.—An officer's certificate of acknowledgment to a deed, in order to authenticate it for record, must clearly show either that the grantor was known to such officer to be the person who executed the instrument, or that the grantor was proved to such officer on the oath of some credible person to be the person who executed such instrument, and it is not sufficient that it appear on such certificate that such officer believed that the person acknowledging is the grantor. Rev. Stats., art. 4620; Sowers v. Peterson, 59 Texas, 216; Jones v. Bach, 48 Barb., 568; Treadwell v. Sackett, 50 Barb., 440; McKie v. Anderson 78 Texas, 210; Frost v. Cattle Co., 81 Texas, 505.

No brief for appellee reached the Reporter.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the Fifth Supreme Judicial District has certified to this court the following statement and question:

"This suit was instituted by R. Lindley against Jahu Lindley to restrain by injunction interference with the possession of a certain tract of land. At the time of the trial the case had become an action of trespass to try title, both plaintiff and defendant having affirmatively claimed title.

"On the trial the defendant showed a complete chain of title from the sovereignty of the soil down to himself. One link in his chain of title is a deed from Wesley Sutton to C. W. Deems, which was introduced in evidence as a recorded instrument, without proof of its execution. The admission of the deed in evidence was objected to upon the ground that the acknowledgment failed to show by its recitals that the grantor was known or proven to the officer taking the acknowledgment to be the person who executed the instrument. The acknowledgment in question is in these words:

" '*State of Texas, Hopkins County.*—Before me, A. P. Landers, clerk of the County Court of Hopkins County, Texas, on this day personally appeared Wesley Sutton, known to me by introduction by C. W. Deems to be the person whose signature is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

" 'Given under my hand and official seal at Sulphur Springs, Texas, this 27th day of June, 1884.

[Seal.]                 " 'A. P. LANDERS,
             " 'Clerk County Court, Hopkins County, Texas.'

"Question.—Does the ackowledgment substantially comply with the statute, Revised Statutes, article 4620, so as to render it a valid acknowledgment?"

We answer yes.

The duties of all officers in taking and certifying acknowledgments of instruments for registration are tersely prescribed in the following articles of the Revised Statutes:

"Art. 4616. The acknowledgment of an instrument of writing for the purpose of being recorded shall be by the grantor or person who executed the same appearing before some officer authorized to take such acknowledgment, and stating that he had executed the same for the consideration and purposes therein stated; and the officer taking such acknowledgment shall make a certificate thereof, sign and seal the same with his seal of office.

"Art. 4617. No acknowledgment of any instrument of writing shall be taken unless the officer taking it knows or has satisfactory evidence on the oath or affirmation of a credible witness, which shall be noted in his certificate, that the person making such acknowledgment is the individual who executed and is described in the instrument."

"Art. 4619. Any officer taking the acknowledgment of a deed or other instrument of writing must place thereon his official certificate, signed by him and given under his seal of office, substantially in form as hereinafter prescribed.

"Art. 4620. The form of an ordinary certificate of acknowledgment must be substantially as follows:

" "The State of ———,
      " 'County of ———.

" 'Before me, ——— [here insert the name and character of the officer] on this day personally appeared ———, known to me [or proved to me on the oath of ———] to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

" 'Given under my hand and seal of office this ——— day of ———, A. D. ———.

                                " '———.' "

All officers who are authorized to take and certify acknowledgments to and proof of instruments for registration are required to take the · oath of office prescribed by the Constitution and to give bonds for the faithful performance of their duties, and each official act in taking such acknowledgment is done under the sanction of the official oath and upon the official responsibility of the officer so acting.

It is the policy of our statutes to require of each officer to comply with the requirements of the law in taking acknowledgments to such instruments and to make a certificate of the facts which shall show such compliance. The law has not prescribed the extent of acquaintance which is necessary to justify an officer in certifying that the person who presents himself is known to the officer to be the person who signed the instrument in question; but that question is and necessarily must be submitted to the decision of each officer under the facts as they exist at the time the act is done. When such officer has determined upon the evidence presented to him that he identifies the person in question as being the same that executed the instrument under consideration, and when he so certifies according to law the certificate must be held to be sufficient unless upon its face it shows that in fact the statement of such knowledge is untrue.

The words, "by introduction by C. W. Deems," in the acknowledgment submitted are surplusage, and may be stricken out without affecting the meaning or validity of the certificate. They do not show that the introduction was the only means of knowledge possessed by the officer at the time, and it may be and doubtless is true that there were other circumstances known to the officer, which, concurring with the introduction, served to satisfy his mind upon the question. Sowers v. Peterson, 59 Texas, 218. If Landers, the clerk, was satisfied that Sutton was the same person whose name was signed to the deed, he could properly certify as required by law, whether his acquaintance was limited to an hour or extended to the period of a year.

We do not intend to hold that a mere introduction is sufficient to authorize the official to make the certificate that the person introduced is known to him, the officer, but if he be satisfied and make the certificate, the fact that he expressed in that certificate that the person was so introduced will not invalidate the official act which would otherwise be valid.