**In re Deborah Ann ADAMS, Debtor.**

**Larry J. McClatchey, Chapter 7 Trustee, Plaintiff,**

**v.**

**America's Wholesale Lender, et al., Defendants.**

**Bankruptcy No. 09–55705. Adversary No. 09–2363.**

United States Bankruptcy Court, S.D. Ohio, Eastern Division at Columbus.

July 29, 2010.

---

## MEMORANDUM OPINION AND OR-DER DENYING MOTION FOR SUMMARY JUDGMENT

JOHN E. HOFFMAN, JR., Bankruptcy Judge.

### I. Introduction

In this adversary proceeding, the Chapter 7 trustee of the debtor's estate ("Trustee") seeks, pursuant to 11 U.S.C. § 544(a)(3), to avoid a mortgage currently held by America's Wholesale Lender ("AWL") on real property owned by Deborah Adams ("Debtor" or "Adams") at 1178 Utah Avenue, Logan, Ohio 43138 ("Property"), such mortgage having been recorded in the Recorder's Office of Hocking County, Ohio in Official Records Volume 337, Pages 606–627 ("Mortgage").[1] *See* Complaint by Trustee to Avoid Mortgage and to Preserve Lien for the Benefit of the Estate and Sell Property Free and Clear of Defendants' Liens ("Complaint") (Doc. 1). For the reasons stated below, the Court concludes that summary judgment is not appropriate here.

### II. Jurisdiction

The Court has jurisdiction to hear and determine this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the general order of reference entered in this district. This is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(K).

### III. Background

The certificate of acknowledgment on the Mortgage ("Certificate") provides:

William Todd Drown, Folland & Drown, LPA, Mount Vernon, OH, for Plaintiff.

Amelia A. Bower, Columbus, OH, for Defendants.

Delbert Andrew Adams, Athens, OH, pro se.

1. Referencing the recording information is necessary here because the Trustee also seeks to avoid another mortgage dated the same date as the Mortgage, also held by AWL on the Property and recorded only moments after the Mortgage. During a pretrial hearing, counsel to AWL reported that she represents AWL only as to the Mortgage and that she would amend its answer within 10 days so that the Trustee could file a motion for default judgment against AWL as to the second mortgage. AWL has filed an amended answer (Doc. 10), but the Trustee has not yet filed a motion for default judgment against AWL with respect to the second mortgage.

State of Ohio,        County ss:

This instrument was acknowledged before me this *13* day of *June* by *a notary public appeared Deborah R. Adams.*

    *Joseph C. Hale*

    Notary Public

The text reproduced above in italics was set forth in legible handwriting; the remaining text was printed in one or more typefaces.

On May 21, 2009, the Debtor filed a voluntary Chapter 7 petition. The Trustee, in his capacity as a hypothetical bona fide purchaser under § 544(a)(3) of the Bankruptcy Code,[2] seeks to avoid the lien evidenced by the Mortgage under § 544(a)(3) and preserve it for the benefit of the Debtor's bankruptcy estate under § 551.[3]

### IV. Arguments of the Parties

The Trustee argues that the Mortgage is avoidable because the Certificate is defective in that the notary public who signed the Certificate inserted the phrase "a notary public appeared" before the name of the mortgagor, Adams. *See* Complaint ¶ 15. The Trustee contends that this engenders "confusion as to who actually appeared" and means that "there is no acknowledgment by Debtor of her execu-

tion of the instrument, nor is there a certification by the notary of the Debtor's acknowledgment." *See* Plaintiff's Motion for Summary Judgment ("Motion") (Doc. 17) at 9. The Trustee also notes that the Certificate identifies the mortgagor as Deborah *R.* Adams rather than Deborah *A.* Adams, but does not contend either in the Complaint or in the Motion that this renders the Certificate defective. In its memorandum in opposition to the Motion ("Response") (Doc. 20), AWL addresses the discrepancy in the middle initial, *see* Response at 3–8, but does not address the fact that the notary public inserted the phrase "a notary public appeared" before the Debtor's name.[4]

### V. Legal Analysis

### A. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), made applicable in this adversary proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment

---

**2.** Section 544(a)(3) provides:

    (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

    . . . .

    (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3).

**3.** "Any transfer avoided under section . . . 544 . . . is preserved for the benefit of the estate

but only with respect to property of the estate." 11 U.S.C. § 551.

**4.** In his reply in support of summary judgment ("Reply") (Doc. 21), the Trustee made clear that he is not relying on the discrepancy in the middle initial as the basis for avoidance of the Mortgage. *See* Reply at 6–7 ("While the acknowledgment on the First Mortgage may establish that the debtor-mortgagor *appeared* before the notary, and, even assuming *that the incorrect initial contained in the* name of Deborah Adams is not a material defect in the acknowledgment, the language of the acknowledgment still does not establish or infer that the notary public properly acknowledged and certified the signature of the debtor-mortgagor.").

as a matter of law." Fed.R.Civ.P. 56(c); *see also Novak v. MetroHealth Med. Ctr.,* 503 F.3d 572, 577 (6th Cir.2007). In reviewing a motion for summary judgment, the Court views the evidence, all facts, and any inferences drawn therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Novak,* 503 F.3d at 577; *Skowronek v. Am. S.S. Co.,* 505 F.3d 482, 484 (6th Cir.2007) (the court "must draw all reasonable inferences in favor of the nonmoving party").

" '[A]s to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.' " *Niecko v. Emro Mktg. Co.,* 973 F.2d 1296, 1304 (6th Cir.1992) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). "Entry of summary judgment is appropriate 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.' " *Novak,* 503 F.3d at 577 (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)); *see also Ransier v. Standard Fed. Bank (In re Collins),* 292 B.R. 842, 845 (Bankr.S.D.Ohio 2003).

## B. The Court Cannot Grant Summary Judgment in Favor of the Trustee.

■ First, the Court predicts that the Ohio Supreme Court would reject—and thus this Court must do so as well—the Trustee's argument that the notary public's insertion of the phrase "a notary public appeared" renders the Certificate defective.[5] In 1839, Justice McLean of the United States Supreme Court, in an opinion he delivered while sitting on the Circuit Court for the District of Ohio, recognized—in a case governed by Ohio law—the rule that "[e]very thing said in the certificate ... [that] was not required for the due authentication of the acknowledgment, may be rejected as surplusage, if enough appear[s] to authenticate the act." *Shults v. Moore,* 22 F. Cas. 51, 52 (C.C.D.Ohio 1839) (No. 12,824). Although the Ohio Supreme Court apparently has not had an opportunity to address the issue, multiple other jurisdictions have applied the rule recognized by Justice McLean. *See Thomas v. Speck,* 47 Cal. App.2d 512, 118 P.2d 365, 367 (1941) ("If the phrase [at issue] had been stricken, the certificate would be unassailable. Such phrase should be ignored as surplusage...."); *Lindley v. Lindley,* 92 Tex. 446, 49 S.W. 573, 574 (1899) ("The words [at issue] in the acknowledgment submitted, are surplusage, and may be stricken out without affecting the meaning or validity of the certificate."); *Stuart v. Dutton,*

---

**5.** Ohio law controls because: (1) where, as here, the Bankruptcy Code "does not specifically address an issue that arises in bankruptcy, the bankruptcy court looks to state law, to the extent that it does not conflict with the [B]ankruptcy [C]ode[,]" *Reinhardt v. Vanderbilt Mortgage & Fin., Inc. (In re Reinhardt),* 563 F.3d 558, 563 (6th Cir.2009) (internal quotation marks omitted); and (2) the Mortgage is on real property located in Ohio. *See Simon v. Chase Manhattan Bank (In re Zaptocky),* 250 F.3d 1020, 1024 (6th Cir.2001)

("Since this mortgage concerns real property located in Ohio, this inquiry is governed by Ohio law."). Because "[t]he Ohio Supreme Court has not issued an opinion ... on all fours with this adversary proceeding ... the Court's role is to ascertain how [the Ohio Supreme Court] would rule if it were faced with the issue." *Hazlett v. Chase Home Fin., LLC (In re Nowak),* 414 B.R. 269, 275 (Bankr. S.D.Ohio 2009) (internal quotation marks omitted).

39 Ill. 91, 1866 WL 4364 at *3 (1866) ("If words are found in a certificate of acknowledgment which is perfect without them, such redundancy cannot vitiate; they may be rejected as surplusage."). The Court predicts that, if asked to decide the issue, the Ohio Supreme Court would likely follow the rule articulated by the court in the venerable *Shults* decision—that words included unnecessarily in a certificate of acknowledgment may be stricken and the certificate held valid if the words that remain are sufficient under applicable law. Of course, if the purported surplusage is stricken and the material that remains fails to comply with the statutory requirements, then the certificate would be defective. *See Barbee v. Taylor*, 51 N.C. 40, 1858 WL 1745 at *1 (1858) ("It was contended at the bar, that those parts of the certificate, in reference to the proceeding being in the county court, might, as being inconsistent with the signature of the Judge, be rejected as surplusage, and the Judge's signature would furnish a sufficient presumption of an acknowledgement had before him. But, if those parts be struck out of the certificate, there is really nothing left but the name of the Judge, without any certificate of any thing done before him."). That, however, is not the case here. To the contrary, with the phrase "a notary public appeared" stricken, the Certificate provides that "[t]his instrument was acknowledged before me this 13 day of June by Deborah R. Adams" and includes the name and signature of the certifying official, who is identified as a notary public. This formulation satisfies the requirements of Ohio law.[6]

## C. The Court Cannot Grant Summary Judgment in Favor of AWL.

■ The Court, however, cannot render summary judgment in favor of the non-

moving party, AWL, because the question remains as to why the notary public inserted the phrase "a notary public appeared" in the Certificate. The Court will not speculate as to the answer but, depending on what the evidence shows at trial, the Trustee could be in a position to establish that the Mortgage was defectively executed. *See Basil v. Vincello*, 50 Ohio St.3d 185, 553 N.E.2d 602, 606 (1990) (holding that deed was defective in part because the grantors did not actually appear before the notary public who certified the acknowledgment). Put differently, why the phrase "a notary public appeared" was inserted in the Certificate, and whether this phrase is indeed surplusage, are factual issues that cannot be determined by way of summary judgment.

## VI. Conclusion

"A court should not grant a summary judgment until the facts have been sufficiently developed to enable it to decide with reasonable certainty that it is making a correct determination of the law." *Local Union No. 1423, Glaziers v. P.P.G. Indus., Inc.*, 378 F.Supp. 991, 1000 (N.D.Ind.1974). For the foregoing reasons, the Court **DENIES** the Motion.

**IT IS SO ORDERED.**

---

6. *See* Ohio Rev.Code Ann. § 147.55(A) (West 2010) (statutory short form of acknowledg-

ment for an "individual acting in [her] own right").