The proof of the execution of a deed, cannot be taken by a judge of this state, out of the jurisdiction of the state. The judge before whom the proof is taken, is a competent witness to prove that it was done out of the state; but he is not bound to answer any question that may impeach his conduct as a public officer.

Jackson *ex dem.* Wyckoff *against* Humphrey.

THIS was an action of ejectment for a lot of land, No. 42, in the township of *Ulysses*, in the county of *Cayuga*. The cause was tried at the circuit, in the county of *Cayuga*, the 27th *June*, 1805, before Mr. Justice *Tompkins*.

On the trial the defendant offered to prove, by the late judge of the county, before whom the deed of the plaintiff was proved by the subscribing witness thereto, that such proof was taken in *Canada*, and out of the jurisdiction of this state. The defendant further offered to prove, that the subscribing witness could not have known the facts respecting the identity of the grantor, as testified by him before the judge who took the proof; and also to impeach the general character of the witness as a man of truth and veracity. This testimony was overruled by the judge, who directed the jury to find a verdict for the plaintiff.

A motion was now made to set aside the verdict, and for a new trial, for the misdirection of the judge.

*Emott*, for the defendant. The proof offered was not against a record; for the proof of a deed in the manner prescribed by the act, is not a matter of record, so as to preclude any averment against it. In *England*, enrolments of deeds are not considered as records.[*] There is a difference between a *record* and a thing *recorded*.[†] If it be not a record, was the manner of taking it legal? The *proof* of a deed, and its *acknowledgment*, are different. The former must be on the oath of witnesses, the latter is made by the party without oath. The judge had no authority to administer an oath out of this state. The statute gives no such authority. No officer can go out of his jurisdiction to exercise his powers. Suppose the witness guilty of perjury, could he be convicted in this state on an oath taken out of the state? If the judge acted under a mistake, he is not criminal, and was, therefore, a competent witness; and from the nature of the case, there can be no other. 3. The evidence to discredit the witness, ought to have been admitted.

* *Saville*, 91.

† 14 *Viner*, 446. (*E.*) pl. 9.

Proof made before a judge in this way, ought to have no greater effect, than when it is taken in court in other cases, where you may always offer evidence against the credit of a witness. Considering the numerous officers and magistrates who are authorised to take the proofs of deeds, it will be attended with very pernicious consequences, if it be not allowed to question the credit of the witnesses produced. It is *ex parte* proof, and ought to be considered as no more than *prima facie* evidence, which may be repelled by testimony on the other side.

*Henry,* contra. The power granted to certain officers and magistrates, to take proofs of the execution of deeds, is not a *judicial* power. It is not *local* in its exercise ; it is a mere personal trust and confidence. It is a common practice for judges to take the acknowledgment or proof of deeds out of their counties. On the principle contended for by the other side, the proof of a deed in one county, taken by a judge of another county, would be void. The objection as to convicting the witness in case of perjury, is not conclusive ; for suppose a witness, who is examined in a foreign country, under a commission from this court, commits perjury, he cannot be punished here. The certificate appears to be indorsed, as if the proof was taken in the county of *Cayuga.* 2. It is true, that an enrolment of a deed, is not such a record as imports absolute verity. But it is so far conclusive, that it cannot be avoided by an objection to the witness on whose oath it was proved. The witness may have sworn falsely, and yet the deed be genuine. Its genuineness ought to be impeached by different and higher evidence.

*Per Curiam.* The judge before whom the proof of the deed was made, was a competent witness to prove that it was done in *Canada ;* and if that fact be established, the proof was illegal and void. The oath administered in *Canada,* was extra-judicial, and of no validity. The judge had no authority to administer an oath out of the jurisdiction of this state, nor could the witness, in such case, be indicted for perjury. Though the judge was a competent witness,

ALBANY,
August, 1806.

he would not have been bound to answer any questions im-
peaching the integrity of his conduct as a public officer. We
are of opinion that a new trial ought to be granted, with
costs to abide the event of the suit.

New trial granted.