## HORACE C. LEE *vs*. JOHN WELLS & another.

A judge of probate and insolvency, while out of the county for which he is commissioned, has no authority to receive the petition of an insolvent debtor for the benefit of the insolvent laws, decide that the allegations of the petitioner are true, and direct a warrant to issue against his estate; and if the fact of the warrant having been so issued is made the ground of a motion to dismiss the proceedings at the first meeting of creditors, and is set forth by the judge as part of his record, this court will vacate the proceedings upon the petition of a creditor in equity under *St.* 1838, *c.* 163, § 18.

PETITION IN EQUITY to this court, under *St.* 1838, *c.* 163, § 18, by a creditor of Daniel Strong of Springfield, to set aside proceedings in insolvency under a warrant issued by the judge of probate and insolvency for the county of Hampden, upon a petition of Strong for the benefit of the insolvent laws, which was received by the judge and the warrant issued by him at Boston in the county of Suffolk; for which reason, before the return of the warrant at the first meeting of creditors, the present petitioner moved to dismiss the proceedings in insolvency; and the judge found the facts above stated to be true, and ordered them to be made part of his record, but overruled the motion upon the ground that the irregularity did not appear on the face of the warrant.

*N. A. Leonard*, for the petitioner.

*E. W. Bond*, for the respondents.

HOAR, J. The court are all of opinion that the acts of a judge of probate and insolvency, done out of the county for which he is commissioned, in receiving the petition of an insolvent debtor, deciding that the facts therein recited are true, and thereupon directing a warrant to issue against his estate, are

unauthorized by law, and not a valid foundation for subsequent proceedings in the settlement and disposal of the insolvent's estate. His authority and jurisdiction are limited to that county. The truth of the averment in the petition, that the debts due from the petitioner amount to the sum necessary to entitle him to the benefit of the insolvent law, must be made to appear "to the satisfaction" of the 'judge. *St.* 1838, *c.* 163, § 1. The case does not therefore come within that class of cases in which the act to be done is substantially ministerial in its nature, like the issuing of blank writs, and the like, which are issuable as of right, and do not require any decision or adjudication by the magistrate. *Haskell* v. *Haven,* 3 Pick. 407. *Jackson* v. *Colden,* 4 Cow. 266. *Jackson* v. *Humphrey,* 1 Johns. 498. An equally decisive test of the invalidity of the proceedings which the petition seeks to set aside may be found in the provision made by the *St.* of 1856, *c.* 284, § 5, for the case of the absence of the judge. In such a case, the jurisdiction vests in the judge of an adjoining county; but his authority must be exercised within the county in which the case arises.

But it is urged on behalf of the respondents, that the petition and warrant being regular on their face, the record is conclusive, and not subject to be controlled by parol evidence. The answer to this suggestion is, that however it might be if the question were presented collaterally, or at a later stage of the proceedings, in the case before us the facts have been set forth by the judge of probate and insolvency as a part of the record; the objection was taken at the earliest possible period; and this petition puts in issue directly the regularity and validity of the proceedings in the mode expressly provided by statute *St.* 1838, *c.* 168, § 18.

Our judgment is, that the proceedings before the judge of probate and insolvency be vacated, and all further proceedings under this warrant be enjoined.          *Decree accordingly.*