Jones and others vs. Collins and others.

The action provided by sec. 29, ch. 141, R. S., to compel a party setting up a claim to land of which another has the legal title and possession, to release the same, is not a substitute for an action of ejectment, and if the holder of the legal title is out of possession, he will in general be turned over to his action at law to recover it.

In an action under § 29, ch. 141, R. S., by a party who claims that he is in possession

of land and has the legal title thereto, to compel a party setting up a claim thereto to release the same, the objection that the plaintiff had not at the commencement of the action, actual possession of the premises, must be distinctly taken by the answer, and before going to trial on the merits, or it will be waived; and an answer which merely denies the plaintiff's allegations as to possession, and alleges that the defendant was then in possession, and that the plaintiff's claim of title is barred by the statute of limitations, is not a sufficient statement of such objection.

Where the original owner of lands which have been sold and deeded for the non-payment of taxes and the tax deed has been recorded, remains in possession and continues to exercise acts of ownership over it, the statute of limitations of three years, does not run against him, and the claimant under the tax deed must bring his action to recover the lands within three years from the time his tax deed was recorded, or his rights under it will be barred by the statute.

The possession of real estate, in order to operate as a foundation for the statute of limitations must be open and exclusive.

Statutes allowing the original owner of real estate to redeem it from tax sales are to be liberally construed.

Where lands belonging to W were sold for the non-payment of taxes, and previous to the execution of a tax deed thereon, certain minors become by descent, the owners of an equitable interest therein, under a contract for the conveyance thereof made between W and their ancestor, and subsequently obtained a conveyance of W's title; under a statute providing that "whenever the lands of minors shall be sold for taxes the same shall be redeemable when such minor becomes of age, and one year thereafter." *Held,* that the minors so obtaining title to lands, might redeem the same from such tax sale, at any time before arriving at the age of twenty-two years.

APPEAL from the Circuit Court for *Winnebago* County.

Action to quiet the title to certain real estate mentioned in the complaint, and to compel the defendants, *Doty, Pulling &amp; Collins,* to release the claims they set up to the same. The complaint alleges that the plaintiffs, *Abagail W.* and *Willard Jones,* were minors, and that the plaintiff, *Loyal H. Jones,* was their duly appointed guardian, and that the plaintiff, *Gilbert C. Jones,* was under the age of twenty-two years; that the said *Abagail W., Willard,* and *George C. Jones,* were the children and heirs at law of *Harvey Jones,* deceased; that one Daniel Whitney, on the 31st of August, 1835, purchased from the United States, lots 5 and 6, in section 22, and lots 4 and 5, in section 23, in township 20, north of range 17 east, in Winnebago county, and received a patent therefor; that on

the 18th day of July, 1848, the said *Harvey Jones* entered into a contract with said Whitney for the purchase of said land, under and by which he became possessed thereof and so remained until the time of his death; that on the 8th day of November, 1849, he died intestate; that on the 16th day of February, 1853, the said Whitney, in fulfillment of his contract with the said *Harvey Jones*, conveyed by warranty deed the said lands to his said heirs, whereby they became seized thereof in fee, and that they have ever since then occupied, and do still occupy, possess and enjoy the said lands and each and every parcel thereof; that said lands are for the most part uncultivated, and situated on Doty's island, and are of the value of $100 per acre; that the defendants claim title to said lands adversely to the plaintiffs and their tenants in possession thereof; that the sole claim which the defendants make to said lands is based on two tax deeds thereof, the one purporting to be executed by the clerk of the board of supervisors of the county of Winnebago, to Charles Doty, dated April 16, 1851, and the other purporting to be executed by the treasurer of the village of Menasha, to the defendant *Pulling*, dated August 20, 1857; that the taxes for the non-payment of which said first named deed was executed, were the taxes of 1847, and which were paid by said Whitney previous to the tax sale, and that on the 29th of August, 1853, the said heirs of *Harvey Jones*, by their guardian, redeemed said lands from the sale of April 11th, 1848, on account of which such tax deed was executed, and that at that time they were minors; that before the commencement of the action the plaintiffs tendered to the defendant *Pulling*, the money to redeem said lands from the tax deed issued to the defendant *Pulling*, and that the defendant refused to take the same, and that they then deposited the sum necessary to redeem said lands from such deed, with the clerk of the board of supervisors of Winnebago county and received a certificate of redemption; that they were then each under the age of twenty-one years, except *Gilbert C. Jones*, and that less than

one year had elapsed since he had arrived at that age. They demanded judgment that the defendants be adjudged to release their claim to said lands, &c.

The defendants answered, denying that *Harvey Jones* was ever in possession of said lands, or that a deed of said lands was executed to the plaintiffs by Daniel Whitney, and also denied that the plaintiffs were ever since seized in fee of the said lands or any part thereof, or that they had held, occupied, possessed or enjoyed the same, or that at the commencement of the action, they were in possession of the same or any part thereof, and alleged that the defendants claimed title thereto adversely to the plaintiffs, under and by virtue of the tax deeds mentioned in the complaint, one of which was executed by the clerk of the board of supervisors of Winnebago county to Charles Doty, dated April 16th, 1851, and the other by the treasurer of the village of Menasha to the defendant *Pulling*, dated August 20th, 1857, and that under and by virtue of such deeds, immediately after their dates, they entered on the said lands, and have ever since possessed and enjoyed, and still do possess and enjoy the same solely and exclusively, and adversly to all others, and had laid out a town thereon and platted the same and recorded the plat, and graded the streets, and cut timber from said lands from time to time; and that said tax deed to Charles Doty had been recorded for more than three years next before the commencement of the action, and that the plaintiffs were therefore barred; and the defendants denied that the said lands had been duly redeemed from the tax sale of April, 1848, on account of which the tax deed was issued to Charles Doty, or that when said sale was made the plaintiffs had any title to or interest in said lands, but they admitted that the plaintiffs were minors at the time of the alleged redemption of said lands as charged in the complaint; that *Loyal H. Jones* once offered some money in gold coin to redeem said lands from the tax deed to *Pulling*, but how much they did not know; that *Pulliug* refused to receive it; that whether

the plaintiffs had deposited the sums of money mentioned in the complaint, with the clerk of the board of supervisors of Winnebago county, to redeem said lands from the tax sales upon which said tax deeds were issued, they had no knowledge or information sufficient to form a belief, and they also put in issue, by the answer, the question whether the plaintiffs or any of them were minors at the time the tax deed was executed to *Pulling*, and whether less than one year had elapsed since the plaintiff *Gilbert C. Jones*, became twenty-one years of age when said sums of money were deposited as aforesaid to redeem said lands. The defendants demanded judgment that the plaintiffs be decreed to release to them all their claim, &c.

At the trial, it was proved on the part of the plaintiffs that the lands in question were entered by Daniel Whitney in 1835; that on the 18th of July, 1848, Whitney executed a written contract for the conveyance of the premises to the said *Harvey Jones* who was then living, and that he had been in possession of the lands in question under it; that he died November 8th, 1849, leaving as his heirs at law, the plaintiffs *Gilbert C.*, *Abigail W.* and *Willard Jones*, that on the 13th of February, 1853, in pursuance of said written contract, the said Whitney conveyed the premises in question to the said heirs of *Harvey Jones*, deceased, three of said plaintiffs; that on the 29th day of August, 1853, the said heirs of *Harvey Jones*, deceased, deposited with the clerk of the board of supervisors of Winnebago the sum of $22.25, for the redemption of the lands in question from the sale thereof for taxes in 1848, and upon which the tax deed to Charles Doty was issued; and that on the 30th day of December, 1858, they deposited with said clerk the further sum of $172, for the redemption of said premises from the tax sale made of the same by the treasurer of the village of Menasha, December 24, 1854, and upon which the tax deed to the defendant *Palling* was executed; that the sums so deposited exceeded the amount of said taxes, interest, costs and charges, and that all of said heirs were under twenty-one

years of age when the last deposit was made, except *Gilbert C. Jones*, who had not attained the age of twenty-two years. A considerable testimony was given on the part of the plaintiffs to show that they were in the actual possession of the premises when the action was commenced, and had been ever since the death of *Harvey Jones* their ancestor, and a great amount of evidence was given by the defendants to rebut the same, and to show that they had been in the actual possession of the premises ever since the execution of the tax deeds, and were so in possession when the action was commenced; and it appeared that there had been a constant scramble about the possession, each party working on the land, and taking timber therefrom, and making slight improvements on the land at the same time on different portions of it, and that each party had leased at different times portions of the premises to different parties, who occupied under them respectively such portions as tenants; and as the testimony is voluminous, and cannot well be condensed, its general result only is stated. The defendants gave in evidence the tax deeds mentioned in the pleadings, and proved that the one to Charles Doty was recorded in the office of the register of deeds for Winnebago county more than three years before the commencement of this action, and that Charles Doty had conveyed to the defendant *James D. Doty* all his title to the premises before this action was commenced. The circuit court found in favor of the plaintiffs on the questions made as to the possession of the premises, and that the plaintiffs were the owners in fee of the premises, and that the same had been duly redeemed from said tax sales and tax deeds on account of the same, before this action was commenced, and that the claim of title set up by the defendants to the premises in question was void and judgment was entered accordingly, from which the defendants appealed.

*A. L. Collins & S. U. Pinney*, for appellants. 1. The action provided by sec. 29, ch. 141, R. S., and the action of eject-

ment are not concurrent remedies. In order to maintain this action, the plaintiffs must have actual and exclusive possession as well as the legal title. *Austin vs. Sawyer*, 9 Cow., 39 ; *Wheeler vs. Hotchkiss*, 10 Conn., 225 ; *Chatham vs. Brainard*, 11 id., 60 ; *Kempton vs. Cook*, 4 Pick., 305. 2. The defendants having put in issue the question of the plaintiffs' possession and alleged possession in themselves, ousted the court of jurisdiction in this action, and the plaintiffs should have been left to their remedies at law where all questions of fact could be tried before a jury. This action cannot be used as a substitute for an action of ejectment. The preponderance of testimony shows that the plaintiffs were not in possession when the action was commenced, but that the defendants were, and had been since the dates of the tax deeds respectively. 3. The tax deed to Charles Doty, under which the defendants were in possession, had by virtue of their possession and the lapse of three years since it had been recorded, ripened into a perfect and absolute title. 4. The lands in question at the time of the tax sale upon which the deed to Charles Doty was issued, were not then " the lands of minors," and the minor heirs of *Harvey Jones* had no right to redeem from it. When this sale was made, they had no interest whatever in the lands in question. Laws 1841, ch. 10, sec. 23.

*Wheeler & Coolbaugh*, for respondents.

*By the Court*, COLE, J. This suit was brought under section 29, chap. 141, R. S., 1858, which provides that any person having the possession of and legal title to land, may institute an action against any other person setting up a claim thereto, and if the plaintiff shall be able to substantiate his title to such land, the defendant shall be adjudged to release to the plaintiff all claim thereto.

The first question which we have to consider is one of jurisdiction. The appellants here, who were the defendants below, contend that the action can be maintained under this statute,

only where it is averred in the complaint and appears in the proof that the plaintiff has the legal title and actual possession of the premises to the exclusion of the defendant. They insist and claim that if either the title or possession of the plaintiff be controverted by the defendant setting up title or possession in himself, that then the cause must be dismissed, and the parties turned over to their remedies at common law, where there can be a full investigation of the facts by a jury.

It was undoubtedly not the intention of this statute to give a court of equity power to try actions of ejectment. A court of law is the proper tribunal to try and adjudicate legal titles, and therefore when the holder of a legal title is not in possession he is ordinarily turned over to his action at law to recover it. But we do not understand that this suit was intended to be a substitute for, and answer the purpose of an action of ejectment. The plaintiffs allege title and possession in themselves and the object of the suit manifestly, is to quiet their title and remove the cloud which the tax deeds held by the defendants cast upon it. And if they have the legal title to the real estate and are in possession of it, as we think the proof shows that they are, they can maintain their action under this statute for the purpose of removing all doubts in respect to that title arising from the existence of the tax deeds, especially when the holders of those deeds refuse or neglect to take any proceedings to test their validity or obtain possession of the premises under them. Besides I think there is another conclusive answer to this objection at this stage of the case, which is that it comes too late. If the defendants had wished to insist upon the objection, they should have raised the point in their answer as a bar to the court taking cognizance of the action, and not have gone to trial upon the merits and now raise it for the first time. The following authorities are clear upon this question of practice and show that it is too late to raise the objection in such a proceeding at the final hearing. *Stockton vs. Wil-*

*liams,* Walk. Ch., 120; same case, in 1 Douglas (Mich.) 546; *Grandin vs. LeRoy,* 2 Paige 509; *The Bank of Utica vs. The City of Utica,* 4 Paige 290; *The Bank of Utica vs. Mersereau,* 3 Barb. Ch., 533.    It therefore seems to be proper for the court to entertain jurisdiction of the action under this statute, since the plaintiffs allege that they are seized in fee of the premises and hold, occupy, possess and enjoy them and each and every parcel thereof, and the defendants submitted themselves to this jurisdiction and went to trial on the merits.

And this brings us to an enquiry into the validity of the tax deeds set up and relied on in the answer as a defense to the relief demanded by the complaint.    If for any reason these deeds are invalid or the defendants are unable to avail themselves of the title derived through them, then as a matter of course the judgment will have to be affirmed.    The defendants rely entirely upon these deeds and the three years limitation, as the source of all their title or interest in the premises.    One of these deeds was given by the clerk of the board of supervisors of Winnebago county to Charles Doty, on the 16th day of April, 1851, and recorded the same day; and the other was given by the treasurer of the village of Menasha to the defendant *Pulling,* the 20th day of August, 1857, and received for record the 1st of September following.    The lands embraced in these deeds were principally uncultivated, although the evidence shows that various persons actually occupied or resided upon some portions of them, sometimes entering into possession with the knowledge and consent of the administrators of the estate of *Jones* and sometimes with the knowledge and consent of the defendant *Doty,* the grantee of Charles.    Indeed the whole evidence shows, that there was a constant squabble and contest in respect to the possession between those acting on behalf of the estate of *Jones* and those claiming under the tax deeds.    We shall not enter upon any discussion of the testimony upon the question of possession and shall content ourselves with stating the conclusion we de-

duce from it.  And to our minds it fails to show that those claiming title under the tax deeds, so dispossessed or disturbed the possession of the estate of *Jones* in the premises as to lay the foundation of the three years limitation under the statute. The law evidently contemplates a change of possession constructive or actual, otherwise the bar will not apply.  It is true we have held in *Hill vs. Kricke*, 11 Wis. 442, and *Knox vs. Cleveland*, 13 id., 245, that when premises were *unoccupied*, the recording of the tax deed was such an assertion of title as to enable the original owner, if he wished to contest its validity, to bring his action for that purpose.  The result of this doctrine undoubtedly is, that the recording of the tax deed draws after it the constructive possession, in a case where the premises are unoccupied or there is no actual possession by either party. But where the original owner remains in possession and continues to exercise acts of ownership over the premises, the recording of the tax deed can have no such effect.  In that case the holder of the tax deed should institute his proceedings to dispossess the original owner within three years from the recording of the deed.  We have already remarked that the testimony clearly showed that there was a constant conflict and contest in respect to the possession of the premises.  It is impossible to say that the estate of *Jones* was ever dispossessed. Those acting on behalf of that estate, exercised quite as numerous and constant acts of ownership and possession over the premises as the parties claiming under the tax deed, if not more so.  Now in such a case to give to the act of recording the tax deed the effect claimed, would be manifestly unjust and contrary to the intention of the legislature.  It cannot be said there has been any adverse possession under the tax deeds to the exclusion of the true owner.  And to entitle a party to the protection of the statute when he claims to have been in the *actual possession* under a tax deed, he ought to show that his possession is open and exclusive.  Otherwise we think no foundation is laid for the adverse possession contemplated by

the statute. The limitation is very short and exceedingly favorable to the party holding under the tax deed, and therefore it does not seem unreasonable, that he should bring himself fully within the spirit and intent of the law. And when the original owner is not disposessed of the estate, the purchaser at the tax sale should be required to make his own possession open and exclusive as a condition to barring his rights. There is certainly no hardship in this rule and it is consistent with the most obvious principles of equity and justice. So in view of the circumstances of this case, we are clearly of the opinion that the defendants did not show such a possession under their tax deeds as would entitle them to claim the three years limitation even if no other objection existed to the validity of the instruments. But we are further of the opinion that the evidence showed a proper redemption from the tax sales by the heirs of *Harvey Jones*. Both the statutes of the territory and state provide, that whenever the lands of minors may have been sold for taxes, that they might be redeemed at any time before such minors became of age and during one year thereafter, laws 1841, § 23 chap. 10 of "an act to provide for the government of several towns in this territory," &c. Sec. 104 chap. 15 R. S., 1849. Nor we are unable to perceive any valid objection to the redemption from the deed executed to *Pulling* by the treasurer of the village in 1857. *Loyal H. Jones* testifies that he, acting as guardian of the minor heirs, and as agent of *Gilbert C. Jones*, tendered in gold to *Mr. Pulling*, the redemption money in December 1858. *Gilbert* had but a few days before arrived at the age of twenty-one and had an undoubted right to redeem. And of course the same privilege was clearly granted to the minor heirs. No objection has been raised to the time or manner of this redemption, and therefore we see no reason why it must not have full effect. It is however insisted, that the heirs had no right to redeem from the deed given to Doty in 1851 because they did not *own* the lands when they were sold for taxes. The

lands were sold in April 1848 for taxes assessed the previous year. At this time they belonged to Whitney, who on the following July sold them by the usual contract of sale to the ancestor *Harvey Jones.* In the fall of 1849 *Harvey Jones* died and his estate descended to his three minor children. In August 1853, the guardian of the heirs deposited with the clerk of the board of supervisors, of Winnebago county, the amount of money necessary to redeem the lands from the tax deed issued to Charles Doty. It is claimed that although the minor heirs owned the lands at this time and even before the tax deed was issued, yet inasmuch as they were not the owners when the lands were sold they have no right to redeem. Stress is laid upon the language of the statute which is "whenever *the lands of minors* shall be sold for taxes, the same shall be redeemed," &c. It must be admitted if this statute is to receive a strict construction, it would cut off the right of the heirs to redeem. But we think it should not receive such a construction. This case comes fully within the spirit of the law, which was evidently passed for the benefit of those laboring under some legal disability and who were incapable of protecting their own rights. So although the minors did not own the lands when they were sold for taxes, yet inasmuch as they became vested with the title before the tax deed was issued, the case would seem to come fully within the reason and principles of the law which gives them the right of redemption. The rule in regard to the construction of statutes of this character is thus laid down in *Dubois vs. Hepburn,* 10 Peters 1. The court say " a law authorizing the redemption of lands so sold, ought to receive a liberal and benign construction in favor of those whose estates will be otherwise divested, especially when the time allowed is short, and ample indemnity given; the purchaser suffers no loss; he buys with full knowledge that his title cannot be absolute for two years; if it is defeated by redemption it reverts to the lawful proprietors." It would therefore, seem not to be necessary for the purposes of justice

or to effectuate the objects of the law, that the right to redeem should be narrowed down by a strict construction." The same rule is laid down in numerous cases, and it seems to be well settled, that provisions of this character are to be liberally construed and are not to be narrowed down by a strict construction. *Masterson vs. Beasly,* 3 Ohio 31; *Patterson vs. Rindle,* 8 Watts 98; *Chapin vs. Curtenius,* 15 Ill., 427. Within the doctrine of these decisions we think the heirs had the right to redeem from the deed of 1851, although they did not own the lands when sold. That everything was done to make the redemption valid and operative, is not we believe questioned.

It follows from these views that the defendants had no rights in the premises, derived through the two tax deeds mentioned in the answer and proofs which could be enforced, and that the judgment must be affirmed.

Judgment affirmed.