## THE INTERNATIONAL LIFE INSURANCE COMPANY vs. SCALES and another.

TAX DEED: *When recorded so as to cut off the right of redemption.*

1. The statute authorizing the redemption of lands sold for taxes, "at any time before the deed executed upon such sale is recorded" (Laws of 1859, ch. 22, sec. 18), is not void on the ground that it impairs the obligation of a contract, or divests a title previously acquired by and absolutely vested in the holder of the deed.

2. A deed which has been left with the register for record, and having the date of its reception indorsed thereon, but which has neither been spread upon the record nor entered in the general index (as required by sec. 142, ch. 13, R. S.), is not "recorded" within the meaning of the above named statute relating to redemption.

3. Whether an entry in the index, without the deed being actually recorded *in extenso*, would be sufficient to preclude the right of redemption (a right favored in the law), is not here decided.

APPEAL from the Circuit Court for *La Fayette* County.

Action to set aside a tax deed as a cloud upon the title to real estate. On the 15th day of March, 1869, *Hollister*, one of the defendants, being the owner in fee of certain real estate, executed a mortgage thereon, which was afterwards assigned to the plaintiff. On the 21st day of July following, the defendant *Scales* purchased of the county the certificate of sale for taxes assessed on said real estate in 1856, and on the same day took out a tax deed upon said certificate, and deposited the same with the register of deeds, for record. The register immediately made the usual indorsement of the date of reception, and signed it officially, but did not enter the deed upon any index, or record it at length, until several days later. On the 26th of July, before said deed had been either recorded or indexed, the plaintiff, though knowing that the deed was in fact filed for record, deposited with the clerk of the board of supervisors the necessary sum to redeem said real estate from said taxes and tax sale. The same day, but after this redemption, the deed was recorded at full length, and entered upon the index as of record from July 21, 1869. Thereupon the plaintiff brought this action to have said deed set aside as null and void.

Judgment for the plaintiff, and appeal therefrom.

*P. B. Simpson* (with *Finches, Lynde & Miller*, of counsel), for appellants, argued, 1. That the contract of sale between the state and county on the one side and the holder of the tax deed on the other, is a binding contract, and the delivery of the deed to the purchaser vests the title to the property sold, in him absolutely and beyond the power of legislative enactment to divest or take it away. *Stuyvesant v. Hall*, 2 Barb. Ch.,

151; 4 Abb. Dig. 694, secs. 107, 115 and 116.   2. The delivery of the deed to the register for record was all that the law required on the part of the holder, and the laches of the recording officer, if there was any, could not affect or divest the title conveyed by the deed.   *Dodge v. Potter*, 18 Barb. 193 ; *Bishop v. Cook*, 13 id. 326 ; *Williamson v. Brown*, 15 N. Y. 354 ; 22 Wis. 147, 247, 142.   3. The indorsement on the back of the deed by the register at the time of its receipt for record in his office, signed by him in his official capacity, was sufficient to make the said deed of record the same as if it had been fully recorded and entered in the general index.   R. S. p. 168, secs. 141–143; *Williams v. Birbeck*, Hoffm. 369 ; *Merrick v. Wallace*, 19 Ill., 486 ; *Mims v. Mims*, 35 Ala. 23 ; 1 Abb. (N. S.) 32.

*Orton & Osborn*, for respondent, cited R. S. ch. 13, secs. 142, 143 ; *Shove v. Larsen*, 22 Wis. 142 ; and insisted that the cases relied upon by the appellant were inapplicable to the provisions of the statutes of this state.

DIXON, C. J.   It is clear that the statute (Laws of 1859, ch. 22, sec. 18) authorizing the redemption of lands sold for taxes, " at any time before the tax executed upon such sale is recorded," is not open to the constitutional objection taken to it.   It does not impair the obligation of the contract, or divest the title previously acquired and absolutely vested in the holder of the tax deed.   It has always been the law of this state that there might be a redemption at any time before the tax deed was recorded.   R. S. 1849, ch. 15, § 102.   The right of the owner or occupant, or any person interested, thus to redeem was one of the conditions of the contract, made such by law, and entered into it and bound the purchaser as much as if it had been incorporated or expressly recited in the deed and certificate of sale.   The title of the pur-

chaser was, therefore, conditional or subject to be defeated by a redemption at any time before the deed was recorded.

The right of the plaintiff to maintain this action is established by the decision in *Avery v. Judd*, 21 Wis. 262.

The question whether the redemption was in time or not, or whether it was before the deed was recorded, seems also very plain to the mind of this court. The deed was neither spread upon the record nor entered in the general index in the office of the register of deeds at the time the plaintiff redeemed. It was merely deposited for record in the office of the register, who had made the indorsement thereon required by section 141, ch. 13, R. S. Section 143 declares that a deed entered in the index, as prescribed by section 142, shall be considered as recorded at the time so noted; and this court, in *Shove v. Larsen*, 22 Wis. 142, gave effect to that provision for the purpose of charging a subsequent purchaser with notice. See also, *Hay v. Hill*, 24 Wis. 235. But whether like effect would be given to the same provision for the purpose of cutting off the right of redemption under a tax deed, is quite another question. The right of redemption is favored in the law, and for the purpose of aiding it the courts might perhaps reasonably construe the statute authorizing it in the language above quoted to signify or intend an actual recording *in extenso*, or copying of the deed at length in the record book, which is undoubtedly the primary and ordinary signification of the word "recorded," used in the statute. But whether the courts would so decide or not is not a question here. Here the deed was not transcribed in the register's books, nor entered in the index; and without one or the other of these it was not *recorded* in any sense nor for any purpose. As already observed, it was merely deposited for record in the register's

office, which we have no authority either of statute law or any other for holding was a recording of it, or constituted it an instrument of record.

*By the Court.*—Judgment affirmed.