Lombard vs. Culbertson and others.

LOMBARD vs. CULBERTSON and others.

*January 14 — January 29, 1884.*

RECORDING ACTS: TAX DEEDS: LIMITATION OF ACTIONS. *(1) When deed is recorded. (3, 4) Omission of index entries may be supplied. (2) Ejectment against tax title claimant. (4, 5) Statutes construed.*

1. Under sec. 759, R. S. (secs. 142, 143, ch. 13, R. S. 1858; 1 Tay. Stats., 330, §§ 193, 194), an instrument or writing is not to be considered as recorded until the proper entries thereof are made in the general index required to be kept by the register. Until so recorded an instrument affecting the title to land does not operate as constructive notice, nor, in the case of a tax deed, does the statute of limitations begin to run thereon.

2. The original owner of lands cannot maintain ejectment against the grantee in a tax deed, until the latter takes actual possession or records his tax deed.

3. An omission to make the proper entries in the general index when a deed is spread upon the record, may be supplied subsequently, and the record will be good from the time of making such entries, and the deed need not be again recorded at length.

4. Ch. 325, Laws of 1881, was not intended to prevent the record of the tax deeds .therein mentioned from having full effect as soon as perfected, but merely to provide further that, except as therein specified, such record when perfected should have effect as of the time when it was originally made.

5. Sec. 6, ch. 334, Laws of 1878, did not change the law so as to·set the statute of limitations running in favor of *unrecorded* tax deeds "issued" before the passage of that act, or in favor of the original owner against the holder of such a deed, if the lands were unoccupied.

APPEAL from the Circuit Court for *Marathon* County. This action was commenced December 19, 1881. The case is thus stated by Mr. Justice TAYLOR:

"This is an action of ejectment to recover the possession of a large tract of land situate in the county of Marathon. The answer was a general denial, and that the defendants were the owners in fee of the premises described in the complaint and entitled to the possession of the same; and for a further answer they allege that they derive their title to the said lands by and through two tax deeds issued by the clerk of the board of supervisors of Marathon county to Marathon county for delinquent taxes, dated and issued January 3, 1868, and recorded in the office of the register of deeds of Marathon county, January 6, 1868, in volume VII, on pages 177 and 178; and they further allege that this action was not commenced within three years next after the issuing and recording of said tax deeds; and further, that this action was not commenced within nine months after the passage and publication of ch. 334, Laws of 1878, and not within nine months from March 25, 1878, and is therefore barred by the statutes of limitation of this state.

"The case was tried by the court without a jury. The court held that the action was barred by the three-years' statute of limitations pleaded by the defendants, and rendered judgment in favor of the defendants. The plaintiff appeals to this court."

For the appellant there were briefs by *James & Crosby*, his attorneys, and *Ryan & Curtis*, of counsel, and oral argument by *Mr. Crosby*.

For the respondents there was a brief by *C. F. Eldred* and *Elisha L. Bump*, and oral argument by *G. W. Cate*.

A re-argument was ordered, to be confined to the following questions:

1. Can the original owner of unoccupied land maintain ejectment therefor against the grantee in an unrecorded tax deed?

2. In whom is the right of possession of unoccupied land conveyed by a tax deed, after the deed is issued and before it is recorded?   On the re-argument:

*Moses Hooper*, for the appellant.

For the respondents there was a brief by *Bump, Hetzel & Canon* and *C. F. Eldred*, and oral argument by *Mr. Eldred*.

TAYLOR, J.   There are but two important questions arising upon this appeal, viz.: (1) Were the tax deeds introduced in evidence by the defendants on the trial in the circuit court duly recorded in the office of register of deeds of Marathon county on the 6th day of January, 1868, as found by the learned circuit judge? and (2) If not so recorded, was the appellant's right of action barred by the provisions of sec. 6, ch. 334, Laws of 1878?   The evidence on the trial shows that the tax deeds above mentioned were delivered to the register of deeds of said county on the 6th day of January, 1868, and recorded at length in one of the books of record of deeds in the said register's office, on pages 177 and 178, as stated in the answer, but there was no entry made in the general index, in said office, of the receipt or record of the same, nor in an index of the volume in which the same were recorded at length, as required by secs. 142, 143, and 144, ch. 13, R. S. 1858; 1 Tay. Stats., 330; sec. 759, R. S. 1878.

Secs. 193 and 194, p. 330, 1 Tay. Stats., are as follows:

"Sec. 193. Every register of deeds shall keep a general index; each page of which shall be divided into eight columns, with heads to the separate columns as follows, to wit:

| Time of reception. | Name of grantor. | Name of grantee. | Description of land. |
|---|---|---|---|
| Name of instrument. | Volume and page where recorded. | To whom delivered. | Fees received. |

"Sec. 194. Such register shall make correct entries in said index of every instrument or writing received by him for record, under the respective and appropriate heads, entering the names of the grantors in alphabetical order; and he shall, immediately upon the receipt of any such instrument or writing for record, enter in the appropriate column, and in the order of time in which it was received, the day, hour, and minute of reception, and the same shall be considered as recorded at the time so noted."

It is evident from the reading of these sections that the object of the registry laws, viz., to give notice to subsequent purchasers of the conveyance, can only be secured by making the correct entries in the index required to be kept by said sec. 142, ch. 13, R. S. 1858. Without such an index the register's office would be but little aid to those interested in tracing the titles to real property. At best a registry without such an index, or an index to each separate volume of records, would render the work of tracing titles very laborious and expensive. Sec. 143 declares that when the proper entries are made in the general index, as prescribed in sec. 142, the conveyance shall be deemed recorded. This section is the only section which declares what shall be deemed a recording of any conveyance of real estate under the recording laws of this state. Sec. 140 of said ch. 13, which makes it the duty of the register to record at length in suitable books to be kept in his office all deeds, etc., authorized by law to be

recorded in his office, does not declare that when he has so recorded them at length they shall be deemed recorded for any purpose. The entries required to be made in the general index are the matters most material to give the notice which is intended to be given by the registry laws, and the legislature has wisely provided that when those entries are made the instrument shall be deemed recorded. If these entries be correctly made, the record at length of the instrument may be readily found; but in the absence of such entries it would in many cases require great labor to find the same, and the liability to make mistakes in the tracing of titles would be greatly multiplied.

That the entries in the general index are the material things in determining whether a deed has been so recorded as to be notice to subsequent purchasers, has been adjudicated by this court. In *Shove v. Larsen*, 22 Wis., 142, the present chief justice, in the opinion of the court, after commenting upon the decisions of the courts of New York and other states, under laws differing from the law of this state, says: "But we think the object of our statute in requiring the register to keep an index and to make certain entries therein was not only to furnish a ready and convenient means of tracing title, but was also for the purpose of effecting constructive notice of the existence of any conveyance properly entered in such index. This, it appears to us, was the object and intent of those sections of the statute above cited." The sections cited by the chief justice in that case are the ones above cited in this. In that case this court held that a mortgage which had been properly entered in the index was properly recorded, although where it was spread upon the record there was a mistake made in the description of the lands mortgaged, the description in the index being the correct description.

In *Hay v. Hill*, 24 Wis., 235, the question was between a mortgagee and a subsequent purchaser without notice in fact.

The proofs showed that the record of the mortgage made at length in the book of records did not describe the lands mortgaged. The register of deeds had recorded the same, and put his certificate on the back thereof, certifying that it had been properly recorded. There were two index entries, each probably intended to refer to the mortgage in question. The one index did not describe the land in the mortgage, and the other index entry appeared to have been made after the mortgage had been in fact spread upon the records. When these last index entries were in fact made was not in proof, and this court held that in the absence of any proofs on the subject it must be presumed they were made after the defendant took his deed, although the deed was made three years after the date of the mortgage, and three years after the register had given the mortgagee a certificate that it had been recorded. The present chief justice wrote the opinion in that case also. He says: " The fact that the mortgage was certified as properly recorded, is of no importance so far as charging a subsequent purchaser with notice of its existence is concerned. It is only the entry in the original minute-book, which correctly described the land embraced in the mortgage, which can be relied on for that purpose. And when it appears upon the face of the book itself that it was not made when it bears date, how can we assume for the purpose of affecting subsequent purchasers with notice that it was really made before the purchase?" That it is necessary to make the proper entries in the general index, as required by sec. 142, in order to make a record of a deed under the law, is again asserted in *Oconto Co. v. Jerrard*, 46 Wis., 319. In this case it was held that the neglect to keep an index for each volume of records, as prescribed by sec. 144, does not render the record of the instrument ineffectual, but it is strongly intimated, if not expressly held, that the neglect to keep and make the entries in the general index as required by statute, or an index equivalent to it, would

render such record ineffectual for any purpose. See, also, *International Life Ins. Co. v. Scales*, 27 Wis., 640.

The cases of *Ely v. Wilcox*, 20 Wis., 528; *Fallass v. Pierce*, 30 Wis., 444; *Pringle v. Dunn*, 37 Wis., 449; *Girardin v. Lampe*, 58 Wis., 267; *Wood v. Meyer*, 36 Wis., 308; *Gilbert v. Jess*, 31 Wis., 110, in no way conflict with the rule established in the cases above cited. The point of these cases is that when the record of the instrument recorded *in extenso* does not show that it was so executed and acknowledged as to entitle it to record, the entries in the general index do not cure such defect for the reason that as to these matters the statute does not require any entry to be made in the general index.

As the claimant under the tax deed in the case at bar seeks to defeat the title of the plaintiff by the record of his deed more than three years before the plaintiff brought his action, he is clearly required to show that it was so recorded as to be constructive notice, at least, to the plaintiff, that he held such tax title and intended to rely upon such deed to defeat plaintiff's title. He must record it the same way to set the statute of limitations running in his favor and against the plaintiff as he would be required to do in the case of a deed or mortgage to defeat the right of a subsequent purchaser for value without notice. We must hold, therefore, that the learned circuit judge erred in holding that the defendants' tax deeds or either of them were recorded on the 6th day of January, 1868, and if not recorded on that day there is no pretense that they were in fact recorded until they were properly indexed May 24, 1881. All parties agree that if the tax deeds were not recorded until May 24, 1881, then the plaintiff was not barred by the three-years' limitation.

Was the plaintiff barred of his action under the provisions of ch. 334, Laws of 1878? Sec. 6 of said chapter reads as follows: "Every action or proceeding for the recovery of

lands heretofore sold, or which may hereafter be sold, for the nonpayment of taxes heretofore levied, shall be commenced within nine months after the recording of the tax deed, and not thereafter; provided that, in the case of tax deeds heretofore issued, the action, if not already barred, shall be brought within nine months after the publication of this act, and not thereafter."

It is claimed by the learned counsel for the appellant that the statute of limitations had in fact run against the tax deeds, and in favor of the plaintiff, under this statute; and on the other hand, the learned counsel for the respondents claim that the limitation had run in their favor, and against the plaintiff. As we construe this statute, the limitation had not run against either party when this action was commenced. The material question upon this section is, whether a tax deed issued before the passage of that act, although not recorded, set the nine-months' limitation running as to either party, or whether, as to such unrecorded tax deeds, the law remained as it was before the passage of the act. It is agreed that if this act did not change the law, as to unrecorded tax deeds, then neither party was barred of his action, because the action of the plaintiff was commenced within nine months after the tax deed was recorded by making the proper entries in the index on the 24th of May, 1881. It is suggested that, so far as this action is concerned, the tax deed must be treated as unrecorded under the provisions of ch. 325, Laws of 1881, and consequently the plaintiff must in any case fail in his action, because it is claimed that the original owner of lands cannot maintain an action of ejectment against the grantee in a tax deed until after he takes actual possession of the lands, or records his tax deed; and this seems to be the opinion of a majority. of the members of this court. Ch. 325, Laws of 1881, reads as follows: " In all cases where tax deeds executed to any of the counties of this state pursuant to law, have been here-

Lombard vs. Culbertson and others.

tofore recorded in the office of the register of deeds of said counties, but not entered upon the index records in such office in the manner required by law, the proper officers of such county are hereby authorized to cause such deeds to be properly indexed, and, after the expiration of nine months from the time of such indexing, the date of which shall be entered on the margin of such index record, such record shall not be impeached in any court or place, for the reason, or upon the ground, that they have not been indexed as required by law: provided such deeds shall be so properly indexed within ninety days after this act shall take effect and be in force: and provided further, that this act shall not be construed as in any way or manner affecting any action or actions now pending, or which shall be commenced before the expiration of said nine months, affecting such titles, nor as affecting the rights of any purchaser in good faith."

It is said that the last proviso of the act removes this action entirely outside of its provisions, because it was commenced within nine months after the indexing provided for by said act. We do not think the proviso was intended to prevent the indexing of the tax deeds mentioned in said act from having the effect to perfect the record of the same before the expiration of nine months after such indexing, as to actions commenced within said nine months, but that the act should not affect such actions so commenced as to give validity to the record before they were in fact indexed. The object of the act could not have been simply to allow the perfection of the record by indexing the tax deeds theretofore recorded in the books of the register, as that could, we think, have been done without any helping act. The object was, as we think, to give effect to the imperfect record from the time it was originally made; and the provision in favor of actions commenced within the nine months was to prevent any such effect upon the rights of parties commencing their actions within such time.

It seems to us very clear that an omission to make the proper entries in the general index at the time the deed is spead upon the record may be remedied after such recording by making the proper entries, and when so made the record will be good from that date, and that in such case it is not necessary to again record the deed at length, at the time of making such entries. Such seems to have been the opinion of this court in the cases of *Hay v. Hill* and *Oconto Co. v. Jerrard, supra*. We hold, therefore, that the respondents' tax deeds were in fact properly recorded when this action was commenced, by the entries made May 24, 1881. The plaintiff's action was commenced within nine months after they were so recorded. His action was not barred, therefore, unless we construe sec. 6, of ch. 334, Laws of 1878, as changing the law and setting the statute running in favor of an unrecorded deed issued before the passage of that act.

After a careful consideration of the provisions of said act as a whole, and with an understanding of the purposes intended to be accomplished by the legislature by the enactment thereof, we have no hesitation in holding that it was not intended to change the general rule which had existed for a long series of years, and under which rule it had been always held necessary for the tax title claimant to place his deed upon the records of the register's office, if he desired to set the short statute of limitations running in his favor as against the original owner of unoccupied lands. To prevent what the legislature thought was likely to prove an injustice to those holding tax certificates and tax deeds upon sales of lands for taxes theretofore levied, it was deemed wise to create a short limitation of nine months in favor of the tax claimant, but, upon reading the whole act, and especially secs. 6 and 7, and considering their bearings upon each other, it is apparent that it was not intended to change the rule that the tax title claimant must put his deed upon record in order to set the limitation running in his favor.

The first part of the section clearly recognizes the old rule that the statute does not run in favor of the tax claimant until he records his deed, but it is urged that the language of the proviso, in making use of ·the word "*issued*" instead of "*recorded*," is evidence of a clear intent to change the rule as to deeds covered by the proviso. We think otherwise. It is clear the proviso covers the case of all tax deeds which had been theretofore recorded within three years previous to the passage of the act, no matter when such deeds had in fact been issued or delivered to the purchasers; and the previous part of the section sets the statute running in favor of the tax claimant only from the date of the recording of his tax deed, and not from the date of its issue. We think the mere use of the word "issued" in the proviso should not have the effect to set the statute running in favor of the tax claimant from the date of the passage of the act as to tax deeds then issued and not recorded. The change claimed to have been made by the use of that word being of so radical a nature, and in conflict with the rule established and acted upon by the legislature since the state was first organized (sec. 123, ch. 15, R. S. 1849), and by the territorial legislatures before such organization (Laws of 1844, p. 22, sec. 12), it ought not to be held that the legislature intended such change, unless no other construction can be reasonably given to the language used.

The reading of sec. 7 of said act in connection with sec. 6, it seems to me, is a clear indication that no change of the rule was intended, except to shorten the time. Sec. 7 gives the real owner nine months after the recording of any deed coming under the proviso of sec. 6, within which to commence an action in equity to set aside such deed. It seems to us entirely inconsistent that the legislature should give the original owner the right to maintain an action in equity to set aside a tax deed after an indefeasible title had vested in the grantee named therein under the statute of limita-

tions. The argument made by the learned counsel for the appellant that the statute of nine months ran in favor of the original owner against the holder of an unrecorded tax deed under the proviso, whether such original owner was in actual possession during such nine months, or whether the lands were unoccupied, is, we think, equally untenable, when we consider the well-known fact that the object of this special legislation was in aid of the tax claimant, and not hostile to him.

As the learned circuit judge did not pass upon the validity of the tax deeds under which the defendants claimed title, independent of the effect of the statute of limitations, and as the record does not clearly disclose what defects are claimed to have vitiated them, we do not feel at liberty to direct a judgment in favor of either party. We hold that neither the three-years' statute of limitations, nor the nine-months' statute, under the proviso of sec. 6, ch. 334, Laws of 1878, had run in favor of either party at the time this action was commenced, and that the circuit court erred in holding that it had run in favor of the respondents.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.