Lander vs. Bromley and another.

LANDER, Appellant, vs. BROMLEY and another, Respondents.

*March 17 — April 9, 1891.*

TAX DEEDS: *Form and record: Limitations: Redemption.*

1. Our statutes (secs. 1178, 1179, R. S.) require a tax deed to state the place where the sale was made, and such a deed which incorrectly states that place is void on its face; and the record of such a deed, if it falsely states the place of the sale, whether it is or is not a correct transcript of the deed in that respect, is equally void on its face, and does not carry the constructive possession, nor operate as a constructive eviction, nor does it set in operation the statutes of limitations applicable to tax titles.

2. The provision of sec. 18, subch. 8, ch. 164, Laws of 1873, incorporating the city of Fort Howard, which gives to the owner of any lot sold for taxes the right to redeem within three years from the day of the sale, and any time before deed is *executed*, is not inconsistent with nor repugnant to the provisions of the Revised Statutes in respect to redemption, within the meaning of secs. 4986, 4987, R. S., since it does not prohibit redemption after the execution of the tax deed, but such owner has a right, under sec. 1165, R. S., to redeem at any time before the record in the register's office shows a tax deed valid on its face.

Lander vs. Bromley and another.

3. The record of a tax deed issued by the city of Fort Howard, upon a sale made in that city, which falsely states that the sale took place at Green Bay, is void on its face, and, even though the deed itself is correct, it will not set the statutes of limitation running against the owner until correctly recorded.

APPEAL from the Circuit Court for *Brown* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

This is an action of ejectment by a tax-title claimant against the grantee of the original owner. The jury was waived, and the cause was tried by the court. The facts are undisputed, and to the effect that the land is in the city of Ft. Howard, and has been since 1873; that it was assessed and taxed in said city in 1874; that the original owner enjoined the sale on said tax until 1881, when the injunction was dissolved, and that suit dismissed; that the land was sold on that tax to that city by its treasurer in May, 1881, and a tax certificate issued thereon to the city, and subsequently assigned to the plaintiff; that August 19, 1884, a tax deed, regular in form, was issued thereon by the city to the plaintiff; that August 21, 1884, the tax deed was filed in the register's office for record, and on the same day indexed and recorded; that upon the face of such record it appeared that the tax sale upon which the deed was based took place in the city of Green Bay instead of in the city of Ft. Howard, as stated in the deed; that in the fall of 1889 the register, at the instance of the plaintiff, crossed out "Green Bay," and in lieu thereof inserted "Fort Howard;" that December 31, 1889, the tax deed was re-recorded; that the plaintiff paid the taxes on the land for 1886, 1887, and 1888; that the defendant Bromley obtained the title to the land, June 1, 1880, and has held the adverse possession thereof by her tenant, the defendant Brunette, ever since the spring of 1887; that March 24, 1887, she commenced an action of ejectment against the plaintiff for the

land, but, on discovering that the tax deed had not been correctly recorded, the action was abandoned, and finally discontinued, March 5, 1889; that July 27, 1889, the defendant Bromley redeemed the land from said tax sale, certificate, and deed, by paying to, depositing, and leaving with the treasurer of the city of Ft. Howard the amount of said tax certificate, with interest thereon at the rate of twenty-five per cent., with all legal fees and charges; that November 23, 1889, she also deposited and left with said treasurer, for the use of the plaintiff, the amount of all taxes on said premises paid by the plaintiff, with interest at twenty-five per cent. on the several amounts so paid by him, from the respective dates of such payments, and all legal fees and charges; that this action was not commenced within three years from the date of said tax deed, nor until January 6, 1890; that the record of said tax deed is a cloud upon the title of the defendant Bromley.

As conclusions of law, the court found that said tax deed was not recorded until December 31, 1889; that the defendant Bromley's right of redemption existed until said deed was so recorded; that she is the owner in fee of the land, and entitled to the possession thereof, and was such owner and so entitled at the commencement of this action; that the defendants are entitled to judgment dismissing the complaint, with costs; and also that said cloud be removed. From the judgment entered upon said findings accordingly, the plaintiff brings this appeal.

*W. J. Lander,* appellant, in person, took the ground that the record of his tax deed as first made set the statutes of limitation running in his favor. It did in fact give notice to the defendant. If the land had been sold at Green Bay instead of Fort Howard, the defect would have been cured by secs. 1210*d* and 1210*e*, R. S., in nine months after the deed was recorded. *Oconto Co. v. Gerrard,* 46 Wis. 317; *Milledge v. Colman,* 47 id. 184; *Meade v. Nelson,* 52 id. 402;

*Manseau v. Edwards,* 53 id. 457; *Smith v. Sherry,* 54 id. 114; *Hiles v. La'Flesh,* 59 id. 465; *Morgan v. Bishop,* 61 id. 407; *Ruggles v. Fond du Lac Co.* 63 id. 205; *Meade v. Gilfoyle,* 64 id. 24. If the first recording was not sufficient, the subsequent correction made it a perfect record, relating back to the original entry in the index. That was correct, and the deed was to be deemed then recorded. Sec. 759, R. S., last line; *Shove v. Larsen,* 22 Wis. 142; *Pringle v. Dunn,* 37 id. 449; *Maxwell v. Hartmann,* 50 id. 660; *St. Croix L. & L. Co. v. Ritchie,* 73 id. 409; *Hall v. Baker,* 74 id. 118; *Huey v. Van Wie,* 23 id. 613. The index is the material thing, and that being correct, the deed cannot be defeated by any delay of the register in recording it correctly, or by any clerical error in the record. *Wood's & Brown's Appeal,* 82 Pa. St. 116; *Polk v. Cosgrove,* 4 Biss. 437; *Riggs v. Boylan,* id. 445; *Garrard v. Davis,* 53 Mo. 322; *Kiser v. Hueston,* 38 Ill. 252; *Beverley v. Ellis,* 1 Rand. (Va.), 102; *Warnock v. Wightman,* 1 Brev. (S. C.), 331; *Lombard v. Culbertson,* 59 Wis. 433; *Int. L. Ins. Co. v. Scales,* 27 id. 640. The right of redemption is governed by the city charter, and could not be exercised after the deed was issued. Sec. 18, subch. 8, ch. 164, Laws of 1873; secs. 4986, 4987, R. S.

For the respondents there was a brief by *Greene & Vroman,* and oral argument by *Charles E. Vroman.*

CASSODAY, J. The city of Ft. Howard was incorporated by ch. 164, Laws of 1873. As indicated in the foregoing statement, the land in question was situated within that city, and was assessed and sold for taxes therein, and the tax certificate and deed were issued thereon by that city, as required by the charter. The record of the deed, as made August 21, 1884, falsely stated that the sale took place in the city of Green Bay instead of Ft. Howard, as stated in the deed.

Had the sale in fact been made in Green Bay, as thus stated in the record, it would manifestly have been void, for the reason that the city charter expressly required that it should be made at the city treasurer's office in Ft. Howard; and besides, the municipal officers had no authority nor color of right for making such sale outside of the municipality. *Smith v. Sherry*, 54 Wis. 122–127; *Richards v. Cole*, 31 Kas. 205; *Robertson v. Baxter*, 57 Mich. 127; *Jackson v. Humphrey*, 1 Johns. 498.

The form of the tax deed required to be given on the sale was the one prescribed by the general statutes. Secs. 1178, 1179, R. S. That form required the place of sale to be therein stated. *Ibid.* Had the tax deed, therefore, stated that the sale took place in Green Bay, it would have been void on its face for the same reasons that the sale would have been void if it had in fact taken place in Green Bay. This being so, it would seem to follow that the record of the deed, which falsely stated that the sale took place in Green Bay, was equally void upon its face. At the time of making that record the land was vacant and unoccupied. The question recurs whether such defective record operated as a constructive eviction of the real owner, so as to set the statutes of limitation running against her. The three years statute begins to run from "the date of the recording of such deed." Sec. 1187, R. S. The same is true of the nine months statute of limitations. Sec. 1210*d*, S. & B. Ann. Stats.

This court has frequently held that a tax deed, void upon its face, does not carry the constructive possession, nor operate as such constructive eviction. *Cutler v. Hurlbut*, 29 Wis. 152; *Easley v. Whipple*, 57 Wis. 485; *Warren v. Putnam*, 63 Wis. 410; *Semple v. Whorton*, 68 Wis. 626. The same rule must necessarily apply to the record of a tax deed void upon its face; and this must be so whether such record is a correct transcript of a deed void upon its face,

or a false transcript of a deed valid upon its face. In other words, in order to make the record of a tax deed set the statutes of limitation in motion, it must appear therefrom that it is the record of a tax deed valid upon its face. The mere clerical omission from such record or such deed of a word necessarily implied from the context, and hence not affecting the sense, nor obscuring the meaning, would not impair the deed, nor destroy the effect of such record. *St. C. L. & L. Co. v. Ritchie*, 73 Wis. 409. But the substantial requirements of the statutes must appear from the record itself. Even where a tax deed valid upon its face is delivered to the register for record, and by him correctly recorded at length in the record book, yet it is not to be considered as recorded until the proper entries thereof are made in the general index required to be kept by the register, and until then it does not set the statute of limitation in motion. *Lombard v. Culbertson*, 59 Wis. 433. Where there is a defect in such index, which is subsequently corrected, the record is only effectual from the time of such correction. *Ibid.* See, also, *Int. Life Ins. Co. v. Scales*, 27 Wis. 640. In other words, it is not only essential that there should be a record of a tax deed, valid upon its face, but the requisite index to such record. The false statement in this record is of such a character that it was not and could not be helped out by the index. The question here involved is not one of notice, actual or constructive, but whether there was a substantial record which set the statutes of limitation in motion, and we must hold that there was not.

The learned plaintiff contends that the owner lost her right to redeem from the tax sale upon the execution of the tax deed. In support of such contention, he relies upon a provision of the city charter to the effect that such owner should have the right to redeem "within three years from the day of sale and any time before the deed is executed." Sec. 18, subch. 8. This is on the theory that such charter

provision is inconsistent with, if not repugnant to, the provisions of the Revised Statutes in respect to redemption, within the meaning of secs. 4986, 4987, R. S. By these sections all the provisions of the Revised Statutes were applied to and put in force in the city of Ft. Howard, so far as applicable, and not inconsistent with its charter. The general statute provided that such owner might redeem from such tax sale "at any time before the tax deed executed upon such sale is recorded, and when so redeemed such deed shall be void." Sec. 1165, R. S. The statutes authorizing the original owner to redeem from tax sales are to be liberally construed. *Jones v. Collins*, 16 Wis. 594; *Karr v. Washburn*, 56 Wis. 303. It will be observed that the provision of the charter quoted contains no negative or prohibitive words. It expressly authorized such redemption prior to the execution of the deed, but did not prohibit redemption thereafter, unless by mere implication. That provision and the general statute quoted are both affirmative and permissive. This being so, and in view of the liberal rule of construction mentioned, and the adjudications of this court upon similar questions, we must hold that there was no repugnancy nor inconsistency between the provisions of the charter and the general statutes mentioned. See *State ex rel. Knox v. Hundhausen*, 23 Wis. 508; *Jones v. Collins, supra; Kellogg v. Oshkosh*, 14 Wis. 623; *Swain v. Comstock*, 18 Wis. 463. The result is that the owner had the legal right to redeem up to the time when the record in the register's office showed a valid tax deed upon its face. *Int. Life Ins. Co. v. Scales*, 27 Wis. 640; *Lombard v. Culbertson, supra; Semple v. Whorton, supra.* This court has gone so far in that direction as to hold that the grantee in a tax deed has not such a right to the possession of the premises described therein as will enable him to maintain ejectment therefor until the tax deed is properly recorded. *Hewitt v. Week*, 59 Wis. 444. This is on the theory that such

tax deed does not operate to convey an absolute title until the right of redemption has been extinguished by making a proper and complete record of the deed. Here the redemption was complete before any such record was made. Of course, the plaintiff is entitled to the amounts paid and deposited for his benefit.

*By the Court.*— The judgment of the circuit court is affirmed.